

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00320-CR

---

EDWARD BANISTER

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY
TRIAL COURT NO. F15-1860-367

----------

## OPINION

----------

Appellant Edward Banister stipulated to two prior convictions for driving while intoxicated (DWI)[1] and entered an open plea of guilt to the felony offense of DWI—third. *See* Tex. Penal Code Ann. § 49.09(b) (West Supp. 2016). The trial court accepted Banister's plea and ordered the preparation of a presentence investigation report (PSI). After reviewing the PSI and hearing evidence during

---

[1]The two prior DWI convictions were from 1986 and 1987.

the sentencing hearing, the trial court found Banister guilty of driving while intoxicated and sentenced him to five years' imprisonment. In a single point, Banister argues that the punishment imposed by the trial court constitutes an abuse of discretion because it is excessive and disproportionate to the offense in violation of the Eighth and Fourteenth Amendments to the United States Constitution. For the reasons set forth below, we will affirm.

Banister concedes that he did not object on Eighth Amendment grounds to his punishment when it was imposed, nor did he raise Eighth Amendment grounds in a motion for new trial. We have held on numerous occasions that disproportionate-sentence claims must be preserved at the trial court level. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding that disproportionate-sentence claim was forfeited); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.) (same); *see also Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth May 23, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases); *cf. Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced."). We decline Banister's invitation to overrule precedent. Because Banister did not raise his disproportionate-

sentence claim in the trial court, it is forfeited.[2] We overrule the portion of Banister's first point challenging his sentence under the Eighth Amendment.

Banister also did not object at trial or argue in a motion for new trial that the trial court violated his right to due process by failing to consider the entire range of punishment. However, the right to be punished after consideration of the full range of punishment "is a substantive right necessary to effectuate the proper functioning of our criminal justice system" and is classified as a waivable-only right. *Grado v. State*, 445 S.W.3d 736, 741–43 (Tex. Crim. App. 2014). As a result, a complaint that the trial court failed to consider the full range of punishment may be raised for the first time on appeal. *Id.* at 743.

A trial court's arbitrary refusal to consider the entire range of punishment constitutes a denial of due process. *Id.* at 739. Due process at a sentencing hearing requires a neutral and detached hearing body or officer who does not arbitrarily refuse to consider the entire range of punishment or willfully impose a predetermined sentence. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct.

---

[2]Even if we were to reach the merits of Banister's disproportionate-sentence complaint, his punishment is within the statutory limits for the offense. *See* Tex. Penal Code Ann. § 12.34 (West 2011) (providing that a third-degree felony is punishable by two to ten years in prison and by a fine of up to $10,000), § 49.09(b) (providing that DWI is a third-degree felony if the person has previously been convicted two times of any other offense relating to the operation of a motor vehicle while intoxicated). Punishment that is imposed within the statutory limits and that is based upon the sentencer's informed normative judgment is generally not subject to challenge for excessiveness except in "exceedingly rare" situations. *Kim*, 283 S.W.3d at 475–76 (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)). Banister's case does not present an "exceedingly rare" situation.

3

1756, 1762 (1973); *Grado*, 445 S.W.3d at 739–40; *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Concerning the due-process requirement that a trial court imposing sentence must be neutral, absent a clear showing of bias, we must presume the trial court's actions were correct. *Brumit*, 206 S.W.3d at 645.

Here, in support of his contention that he was deprived of due process at the sentencing hearing, Banister points out that his offense was enhanced by prior offenses that were almost twenty years old and that he was in a "fragile medical condition" due to having pancreatitis and insulin-dependent diabetes. He articulates no explanation, however, for how these facts resulted in a due-process violation to him, nor does he point to any place in the record where any purported due-process violation occurred. Instead, Banister seems to argue that the trial court failed to consider his medical conditions and the remoteness of his prior DWI convictions when it assessed Banister's sentence at five years' confinement. The record before us does not establish that the trial court either arbitrarily failed to consider the entire range of punishment or willfully imposed a predetermined sentence. To the contrary, the record reflects that the trial court ordered a PSI, heard testimony from witnesses, and considered argument of counsel prior to sentencing Banister. Additionally, the statute that allows enhancement of a DWI conviction to a third-degree felony if there are two prior DWI convictions places no limit on the remoteness of the prior convictions. *See* Tex. Penal Code Ann. § 49.09(b) (providing that DWI is a third-degree felony if

4

the person has previously been convicted two times of any other offense relating to the operation of a motor vehicle while intoxicated); *Tietz v. State*, 256 S.W.3d 377, 378–80 (Tex. App—San Antonio 2008, pet. ref'd) (providing that because offense occurred after September 2005—the effective date of the revised version of section 49.09 that removed ten-year rule on prior convictions used for enhancement—prior convictions from 1989 and 1994 were available to enhance July 2006 DWI).

The record here indicates that the trial court *did* consider the full range of punishment because it imposed a five-year sentence, which is less than the ten-year maximum punishment allowed for a DWI conviction with two prior DWI convictions; did not willfully impose a predetermined sentence; and did not demonstrate bias. *See Grados*, 445 S.W.3d at 739–40; *Brumit*, 206 S.W.3d at 645; *see also Meighen v. State*, No. 11-11-00259-CR, 2012 WL 3799664, at *1, *4 (Tex. App.—Eastland Aug. 31, 2012, pet. ref'd) (mem. op., not designated for publication) (holding that record indicated that trial court did consider full range of punishment because it imposed five years' confinement, which was in the middle of the punishment range for a third-degree felony). Because the record does not clearly indicate a denial of Banister's due-process rights, we overrule the remainder of Banister's sole point.

Having overruled Banister's sole point, we affirm the trial court's judgment.

SUE WALKER<br>
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and PITTMAN, JJ.

PUBLISH

DELIVERED: April 27, 2017