

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00450-CR

———————————————

DEMETRIS DESHAWN POPE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 59,811-A

Before Pittman, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Pittman

**MEMORANDUM OPINION**

The trial court sentenced Appellant Demetris Deshawn Pope to twenty-five years' confinement for aggravated assault on a public servant, a first-degree felony.[1] *See* Tex. Penal Code Ann. § 22.02(a), (b)(2). In one issue, Appellant contends the sentence was excessive and disproportionate to the crime for which he was convicted in violation of the Eighth Amendment. Appellant argues that the sentence imposed was longer than his then-age, that he had recently become a father and obtained employment, and that he had not previously been convicted of a felony. He also argues that the State did not establish that the injuries of the police officer he assaulted were as serious as the State contended.

Appellant did not object to his sentence when the trial court imposed it and did not raise the complaint in a motion for new trial or other post-trial motion. This type of claim must be raised at the trial court level to preserve it for appellate review. *See Banister v. State*, 551 S.W.3d 768, 769 (Tex. App.—Fort Worth 2017, no pet.); *Pollock v. State*, 405 S.W.3d 396, 405–06 (Tex. App.—Fort Worth 2013, no pet.); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). Because Appellant

---

[1] Because Appellant does not challenge the sufficiency of the evidence to support his conviction, we omit a factual background.

forfeited his complaint by not objecting to his sentence in the trial court, we overrule

his sole issue.[2]

We affirm the trial court's judgment.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 6, 2019

---

[2]We note that Appellant's sentence was within the statutory limits, *see* Tex. Penal Code Ann. § 12.32, and that "[p]unishment that is imposed within the statutory limits, and that is based upon the sentencer's informed normative judgment, is generally not subject to challenge for excessiveness except in exceedingly rare situations." *Pollock*, 405 S.W.3d at 406 n.7 (citations and internal quotation marks omitted).