

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00126-CR

———————————————————

WILLIAM PAUL DODD, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1522625D

Before Gabriel, Kerr, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

Appellant William Paul Dodd pleaded guilty, without a plea-bargain agreement, to the offense of robbery. *See* Tex. Penal Code Ann. § 29.02. The trial court accepted Dodd's plea and ordered the preparation of a presentence-investigation report (PSI). After reviewing the PSI and hearing evidence during the sentencing hearing, the trial court found Dodd guilty of robbery and sentenced him to ten years' confinement. In his sole issue, Dodd argues that his ten-year sentence is grossly disproportionate.

Dodd did not object to his sentence when the trial court imposed it and did not raise the complaint in a motion for new trial or other post-trial motion. This type of claim must be raised at the trial court level to preserve it for appellate review. *See Banister v. State*, 551 S.W.3d 768, 769 (Tex. App.—Fort Worth 2017, no pet.); *Pollock v. State*, 405 S.W.3d 396, 405–06 (Tex. App.—Fort Worth 2013, no pet.); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *cf. Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("A sentencing issue may be preserved by objecting at the punishment hearing[] or when the sentence is pronounced."). Because Dodd forfeited his complaint by not objecting to his sentence in the trial court, we overrule his sole issue.[1]

---

[1]Even if we were to reach the merits of Dodd's disproportionate-sentence complaint, his punishment is within the statutory limits for the offense. *See* Tex. Penal Code Ann. § 12.33 (providing that a second-degree felony is punishable by two to twenty years in prison and by a fine of up to $10,000), § 29.02(b) (providing that robbery is a second-degree felony). Punishment that is imposed within the statutory limits and based upon the sentencer's informed normative judgment is generally not

Having overruled Dodd's sole issue, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 31, 2019

---

subject to challenge for excessiveness except in "exceedingly rare" situations.  *Kim*, 283 S.W.3d at 475–76 (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)).