

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00310-CR

———————————————

CHARLENE BALLARD, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1386232W

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Charlene Ballard appeals from the trial court's judgment adjudicating her guilty of burglary of a habitation and sentencing her to four years' confinement. In her sole point, she argues that her sentence violates the Eighth Amendment because it is grossly disproportionate to the underlying offense. Because we conclude that Ballard failed to preserve this complaint and therefore forfeited it, we affirm.

## II. BACKGROUND

The State charged Ballard with burglary of a habitation. On October 9, 2014, pursuant to a plea-bargain agreement, Ballard pleaded guilty to that charge, and the trial court fined her $500 and placed her on deferred-adjudication community supervision for five years. *See* Tex. Penal Code Ann. § 30.02. The State subsequently filed a petition alleging that Ballard had violated several conditions of her community supervision and asking the trial court to proceed with an adjudication of Ballard's guilt on the underlying charge. The trial court held a hearing on the State's petition, during which Ballard pleaded "true" to each of the violations alleged in the State's petition. The trial court found each of the State's allegations true, revoked Ballard's community

supervision, and found her guilty of the underlying burglary charge. The trial court sentenced her to four years' confinement.[1] Ballard timely appealed.

## III. DISCUSSION

In her sole point, Ballard argues that her sentence of four years' confinement is grossly disproportionate to the burglary offense for which she was convicted and thus violates the Eighth Amendment's prohibition against cruel and unusual punishments. *See* U.S. Const. amend. VIII. In response, the State maintains that Ballard forfeited this complaint by failing to preserve it in the trial court.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Further, the party must obtain an express or implicit adverse trial court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013). With the exception of complaints predicated upon the violation of the narrow categories of absolute or waivable-only rights, a defendant forfeits a complaint, even a constitutional complaint, if she does not properly preserve it. *See State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009); *Mendez v. State*,

---

[1]Ballard was charged with a second-degree-felony count of burglary, the punishment for which includes a term of confinement ranging between two and twenty years. *See* Tex. Penal Code Ann. §§ 12.33(a), 30.02(c)(2).

138 S.W.3d 334, 342 (Tex. Crim. App. 2004); *see also Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

The sole complaint Ballard raises here—that her sentence violates the Eighth Amendment because it is grossly disproportionate to the offense for which she was convicted—is the kind of complaint that is forfeited if not preserved. *See Banister v. State*, 551 S.W.3d 768, 769 (Tex. App.—Fort Worth 2017, no pet.). The record reflects that Ballard did not present to the trial court the Eighth Amendment complaint she has asserted on appeal. Accordingly, she failed to preserve that complaint and consequently forfeited it. *See* Tex. R. App. P. 33.1(a); *Banister*, 551 S.W.3d at 769. We therefore overrule Ballard's sole point.

## IV. CONCLUSION

Having overruled Ballard's sole point, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 30, 2020