**Affirmed as Modified and Memorandum Opinion filed April 1, 2021.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-20-00290-CR

---

## DARRYL EDWARD DAVIS, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court Cause No. 1450074D**

---

## MEMORANDUM OPINION

Appellant Darryl Edward Davis, Jr. challenges fines and costs related to his revoked deferred-adjudication community supervision and attendant conviction for indecency with a child. *See* Tex. Penal Code § 21.11. Appellant also challenges his eight-year sentence.[1] We modify the judgment and affirm as modified.

---

[1] This appeal was transferred from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. We apply the precedent of that court to the extent required by Texas Rule of Appellate Procedure 41.3.

BACKGROUND

In 2016 appellant negotiated guilty pleas for aggravated sexual assault of a child, and two counts of indecency with a child. In exchange for his guilty pleas appellant received ten years' deferred-adjudication community supervision. The deferred adjudication order contained the following "special findings or orders":

> FINE IN THE AMOUNT OF $1,000, ATTORNEY FEES IN THE AMOUNT OF $3,633.00, AND COURT COSTS IN THE AMOUNT OF $639.00, PAYABLE TO AND THROUGH THE CRIMINAL DISTRICT CLERK'S OFFICE OF TARRANT COUNTY, TEXAS.

The trial court certified that the cases involved plea bargain agreements and appellant had no right of appeal. Appellant did not file a notice of appeal from the deferred adjudication order.

The State subsequently filed a petition to proceed to adjudication in one of the indecency with a child counts, in which it alleged that appellant violated the terms and conditions of his community supervision in that he (1) failed to successfully complete sex offender treatment; (2) admitted to viewing or possessing sexually explicit materials during the period of supervision; and (3) admitted to possessing or operating a cell phone that is capable of internet access without first installing remote cam monitoring software. Appellant entered pleas of true to the State's petition. The trial court admonished appellant that upon his pleas of true the trial court could assess punishment at between two and ten years in prison. Appellant acknowledged that he understood the range of punishment and was pleading true because the allegations were true and for no other reason.

After a hearing, the trial court found the State's allegations true, adjudicated appellant's guilt, and assessed punishment at confinement for eight years in prison. The trial court assessed a fine of $593.00 and court costs of $654.00. The court further ordered the payment of reparations in the amount of $4,833.00. Appellant

2

did not object to his sentence.

ANALYSIS

In five issues on appeal appellant asserts (1) the trial court violated appellant's right to due process when it imposed money "Due to CSCD" and probation fees as "reparations" in the judgment; (2) the fine assessed in the judgment adjudicating guilt was not pronounced orally; (3) the trial court erred when it assessed court-appointed attorney's fees against appellant; (4) the judgment fails to credit appellant for court costs already paid; and (5) the sentence assessed is grossly disproportionate to the offense and therefore violates the United States Constitution's Eighth Amendment prohibition against cruel and unusual punishment.

## I. Standard of Review and Applicable Law

We review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered to prove each cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014).

## II. Probation fees as reparations and money "Due to CSCD"

In appellant's first issue he asserts the trial court violated his due process rights by assessing probation fees of $1,230.00 as reparations and ordering appellant to pay $470.00 "Due to CSCD." The trial court ordered a total of $4,833.00 paid in reparations. The record contains a "Revocation Restitution/Reparation Balance Sheet," which lists, among other things, "Administrative Financial Obligations" of $470.00 "Due to CSCD" and $1,230.00 in probation fees.

### A. Probation fees

Appellant first asserts that it is a violation of due process to assess probation fees as "reparations." The amount of probation fees shown on the balance sheet in the clerk's record and in the certified bill of costs from the district clerk is evidence

3

supporting the award of probation fees as reparations in the judgment. *Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd). In this case, the $1,230.00 in probation fees appearing on the balance sheet supports the award of $1,230.00 in probation fees listed as reparations in the trial court's judgment. *See Kitchen v. State*, 594 S.W.3d 429, 430–32 (Tex. App.—Fort Worth 2019, pet. ref'd) (imposition of unpaid probation fees in judgment adjudicating guilt does not violate due process).

Appellant candidly admits that the Second Court of Appeals has held contrary to his argument and he presents the issue here "to advocate for a change or modification in the current law and to preserve it for further review." Because this case was transferred to our court from the Second Court of Appeals, we are bound to follow that court's precedent. Tex. R. App. P. 41.3. Following the Second Court's authority in *Zamarripa*, we hold the assessment of probation fees as reparations did not violate appellant's due process rights. *Zamarripa*, 506 S.W.3d at 716. We overrule the portion of appellant's first issue in which he challenges assessment of probation fees.

### B. "Money Due to CSCD"

In the second part of appellant's first issue, he challenges the amount listed as "Due to CSCD." The balance sheet in the record lists $470.00 due to CSCD.[2] The State concedes that all but $20.00 of the $470.00 has no basis in the record. *See Lewis v. State*, 423 S.W.3d 451, 460 (Tex. App.—Fort Worth 2013, pet. ref'd) (modifying judgment to delete assessment of amount "Due to CSCD" because the court was unable to determine the authority for imposition of the fees).

---

[2] CSCD appears to be an acronym for Community Supervision and Corrections Department.

In *Lewis*, the Second Court of Appeals held that it was unable to determine from the record what the figures "Due to CSCD" represented or whether they were included as part of the original conditions of Lewis's community supervision. *Id.* at 461. The court, therefore, deleted the amount from the judgment. *Id.* In this case, the record is equally unclear as to the authority for the $470.00 amount or whether these fees were included as part of appellant's original community supervision.

The State argues, however, that because the Crime Stoppers' fee of $20.00 is authorized by the Government Code, that portion of the amount "Due to CSCD" should be affirmed. The Government Code provides that a defendant "shall pay the following fees and costs under the Code of Criminal Procedure if ordered by the court or otherwise required: . . . payment to a crime stoppers organization as condition of community supervision . . . not to exceed $50[.]" Tex. Gov't Code § 103.021(6).

When appellant was first placed on deferred-adjudication community supervision he was ordered to pay a Crime Stoppers' fee of $20.00 within 30 days of the order. The State did not allege in its petition to adjudicate that appellant failed to pay the Crime Stoppers' fee as a condition of probation, nor is there evidence in the record that appellant failed to pay this fee. The Second Court of Appeals held that when the appellate court is unable to determine from where the amount "Due to CSCD" arises, whether it was included as part of the original conditions, or whether appellant paid those amounts, the amount should be deleted from the judgment. *Lewis*, 423 S.W.3d at 460. In *Lewis*, the State also made the same argument as it does here, i.e., the Crime Stoppers' fee should not be deleted. *Id.* at 460–61. The court held, however, that the record did not reflect that appellant had not paid the Crime Stoppers' fee and thus also deleted that amount from the judgment.

In this case, we have the same situation as the court had in *Lewis*. There is

5

nothing in our record to indicate that appellant did not comply with the condition of probation that required him to pay the Crime Stoppers' fee. We sustain appellant's first issue in part and modify the judgment to delete the $470.00 "Due to CSCD."[3] We overrule the portion of appellant's first issue in which he challenges probation fees assessed as reparations.

## III. Assessment of Fine

In appellant's second issue he asserts the trial court erred in assessing a fine in its judgment because the fine was not pronounced orally.

In the order of deferred adjudication, the trial court assessed a $1,000.00 fine. The judgment adjudicating guilt assessed a $593.00 fine, but this fine was not orally pronounced at the hearing on the State's petition to adjudicate guilt. The State concedes that because a judgment adjudicating guilt sets aside an order deferring adjudication of guilt, a trial court cannot impose a fine at adjudication—even one previously imposed as a condition of community supervision—unless it orally pronounces one. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (holding that when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls). The State also acknowledges that the trial court did not pronounce a fine when it adjudicated appellant's guilt.

We agree with the parties' shared understanding of the holding in *Taylor* that

---

[3] The State concedes *Lewis* stands for the proposition that a Crime Stoppers' fee cannot be the basis for money "Due to CSCD" when the record does not reflect that appellant did not pay the fee. Relying on *Sanders v. State*, No. 02-19-00029-CR; 2019 WL 4010358 (Tex. App.—Fort Worth Aug. 26, 2019, no pet.) (mem. op. not designated for publication) and *Ayala v. State*, No. 02-17-00385-CR, 2018 WL 2727954 (Tex. App.—Fort Worth June 7, 2018, no pet.) (mem. op. not designated for publication), the State argues that appellant "ignores more recent caselaw that holds to the contrary." The authority the State relies on are unpublished opinions, which have no precedential value. Tex. R. App. P. 47.7(a). We therefore adhere to the holding in *Lewis* as we are required to do in this transfer case.

a judgment adjudicating guilt sets aside a fine that is contained in an order deferring adjudication that is not announced orally by the court when it revokes community supervision and convicts and sentences a defendant. *See id*. at 502; *see also Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.) (modifying a judgment to delete a fine that was imposed in an order deferring adjudication but was not orally pronounced upon the revocation of community supervision, conviction, and sentencing). Thus, because the trial court included $593.00 as part of the $1,000.00 fine in the order deferring adjudication but did not announce any fine orally when it revoked appellant's community supervision and convicted and sentenced him, we hold that the fine must be deleted. *See Taylor*, 131 S.W.3d at 502. We sustain appellant's second issue.

## IV. Assessment of court-appointed attorney's fees

In appellant's third issue he asserts the trial court erred when it assessed court-appointed attorney's fees against him. Appellant sought appointment of counsel from the trial court at the time of his original plea. The record reflects that at the time of appellant's original plea, the trial court found appellant had financial resources to offset the costs of legal services provided pursuant to Texas Code of Criminal Procedure article 26.05(g).[4] The trial court ordered appellant to make monthly

---

[4] Article 26.05(g) provides:

(g) If the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant in accordance with Article 1.051(c) or (d), including any expenses and costs, the judge shall order the defendant to pay during the pendency of the charges or, if convicted, as a reimbursement fee the amount that the judge finds the defendant is able to pay. The defendant may not be ordered to pay an amount that exceeds:

(1) the actual costs, including any expenses and costs, paid by the county for the legal services provided by an appointed attorney; or

(2) if the defendant was represented by a public defender's office, the actual amount, including any expenses and costs, that would have otherwise been paid to an appointed attorney had the

payments of $100.00 toward reimbursement for appointed attorney's fees until further order of the court. The order of deferred adjudication contained a "special finding or order" requiring appellant to pay attorney's fees in the amount of $3,633.00. In a document of "Fee Breakdowns" from the Tarrant County District Clerk produced after appellant's guilt was adjudicated, an amount of $3,133.00 was listed as "Attorney Fees Remaining."

Appellant argues the trial court erred in including the $3,133.00 in attorney's fees as part of the judgment adjudicating guilt because although the trial court made a finding at the time of the original plea that appellant had financial resources enabling him to offset the costs of his appointed counsel, the trial court did not make such a finding after adjudicating appellant's guilt. The State argues that appellant forfeited this complaint by failing to raise it at the time of the original plea when the attorney's fees were ordered. We agree.

To argue that appellant forfeited his complaint about the trial court's assessment of attorney's fees, the State relies on the Texas Court of Criminal Appeals's decision in *Riles v. State*, 452 S.W.3d 333 (Tex. Crim. App. 2015). We agree that *Riles* compels us to hold that appellant forfeited his complaint.

In *Riles*, as in this case, the trial court deferred adjudication of *Riles's* guilt, placed her on community supervision, and ordered her to pay attorney's fees. *Id.* at 334. Riles did not appeal from the order deferring adjudication and imposing community supervision. *Id.* When the trial court revoked her community supervision and adjudicated her guilt, the court required her to pay $1,000.00 in attorney's fees. *Id.* at 335. On appeal from the judgment adjudicating her guilt, Riles argued, as appellant argues, that the "trial court erred in ordering her to pay the [attorney's fees]

county not had a public defender's office. Tex. Code Crim. Proc. art. 26.05.

8

without any evidence that she had the ability to pay [them]." *Id*.

The Court of Criminal Appeals held that Riles had forfeited her complaint. *Id*. at 337–38. The court explained that the record established her knowledge that the trial court had imposed an unspecified attorney's fee in the deferred-adjudication order and that she had an obligation at that time to challenge "the sufficiency of the evidence supporting payment of the fee." *Id*. at 337. The court explained that "any issue related to the original plea proceeding [could] be taken only in an appeal to the original order of deferred adjudication." *Id*. (citing *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999)). In sum, the court held that Riles "had knowledge that she was to be charged for her appointed attorney fee, . . . but she forfeited her claim by foregoing her initial appeal." *Id*. at 338.

The principles supporting the decision in *Riles* compel the same result here. Appellant did not appeal the trial court's deferred-adjudication order. We therefore hold that he forfeited his complaint that the trial court lacked authority to assess attorney's fees for representation leading to the deferred-adjudication order. *See* Tex. R. App. P. 33.1(a); *Riles*, 452 S.W.3d at 337–38. We overrule appellant's third issue.

## V. Credit for Court Costs Paid

In appellant's fourth issue he asserts the judgment of conviction fails to credit him for court costs already paid. The record reflects appellant paid court costs of $407.00. A document listing "all transactions for a case" lists nine entries for Court Cost (Paid) adding up to $407.00. The State asserts that although the payments were listed by the District Clerk's Office as court costs paid, those payments were actually credited to appellant's $1,000.00 fine originally assessed when the deferred adjudication order issued. We agree.

While the printout states "Court Cost (Paid)" with respect to those payments,

the record further reflects that those payments were applied to the $1,000.00 fine assessed when appellant was placed on deferred adjudication.[5] This is also reflected in that the trial court attempted to reduce the fine in the adjudication order by the amount paid. We overrule appellant's fourth issue.

## VI. Cruel and Unusual Punishment

In appellant's fifth issue he asserts the sentence assessed is grossly disproportionate to the offense and therefore violates the Eighth Amendment prohibition against cruel and unusual punishment.

The Eighth Amendment prohibits cruel and unusual punishment, which includes "extreme sentences that are grossly disproportionate to the crime." *Graham v. Florida*, 560 U.S. 48, 60 (2010). Appellant pleaded guilty to the offense of indecency with a child by exposure, which carries a sentencing range of two to ten years. *See* Tex. Penal Code §§ 12.34 & 21.11. Appellant was sentenced to eight years' confinement. Subject only to "a very limited, exceedingly rare" exception for grossly disproportional punishments, a punishment assessed within the statutory limits is "unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006); *see also Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (noting with regard to noncapital crimes, the gross disproportionality principle applies only in the "exceedingly rare" and "extreme" case). Legislatures have the broad authority to define their own crimes and set their own punishments. *Solem v. Helm*, 463 U.S. 277, 290 (1983).

Appellant did not object on Eighth Amendment grounds to his punishment when it was imposed, nor did he raise Eighth Amendment grounds in a motion for

---

[5] The aforementioned "List of Fee Breakdowns" notes that $407.00 was paid toward "Fines 297th."

new trial. Constitutional claims can be waived by failure to object. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. Tex. R. App. P. 33.1(a). "All a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Keeter v. State*, 175 S.W.3d 756, 760 (Tex. Crim. App. 2005). *See Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (stating that, as a general rule, appellant may not assert error pertaining to his sentence or punishment when he failed to object or otherwise raise such error in the trial court); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App.1996) (failure to object on grounds of cruel and unusual punishment waives claim that sentence violated prohibition in Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (failure to make specific objection at trial waives Eighth Amendment claim of cruel and unusual punishment); *Banister v. State*, 551 S.W.3d 768, 769 (Tex. App.—Fort Worth 2017, no pet.) (disproportionate-sentence claims must be preserved at the trial court level).

Because appellant did not raise his disproportionate-sentence claim in the trial court, he has failed to preserve error for appeal. We overrule appellant's fifth issue.

## CONCLUSION

We modify the trial court's judgment adjudicating guilt as follows:

- Having overruled in part and sustained in part appellant's first issue, we subtract $470.00 "Due to CSCD" from the reparations due under that judgment and affirm the trial court's order that appellant pay the remaining amount due as reparations.

- Having sustained appellant's second issue, we delete the $593.00

fine assessed in the judgment adjudicating guilt.

We affirm the trial court's judgment as modified.

/s/      Jerry Zimmerer
            Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).