

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00292-CR
No. 02-24-00293-CR
No. 02-24-00294-CR
No. 02-24-00295-CR
No. 02-24-00296-CR
No. 02-24-00297-CR

———————————————

NATHANIEL JOHNSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court Nos. 1568502, 1568507, 1568511, 1664469, 1664470, 1664471

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Nathaniel Johnson appeals from the trial court's judgments adjudicating him guilty of the following crimes: aggravated assault against a public servant (Trial Court No. 1568502), abandoning or endangering a child with criminal negligence (Trial Court No. 1568507), evading arrest or detention with a motor vehicle (Trial Court No. 1568511), and three counts of aggravated assault with a deadly weapon (Trial Court Nos. 1664469, 1664470, and 1664471). *See* Tex. Penal Code Ann. §§ 22.02(a)(2), 22.02(b)(2)(B), 22.041(f), 38.04(b)(2)(A). Through those judgments, the trial court sentenced Johnson to twenty years' confinement for aggravated assault against a public servant, ten years' confinement for abandoning or endangering a child with criminal negligence, ten years' confinement for evading arrest or detention with a motor vehicle, and twenty years' confinement for each of the three counts of aggravated assault with a deadly weapon, with all the sentences to run concurrently.

In three issues on appeal, Johnson argues that (1) insufficient evidence supports the trial court's judgments, (2) he was denied due process because the trial court did not consider the full range of punishment in sentencing him, and (3) he was denied due process because the trial court "fail[ed] to provide a written statement of the evidence relied on and the reasons for the revocation." We will overrule Johnson's first issue because sufficient evidence supports the trial court's judgments.

2

We will overrule Johnson's second issue because he has not clearly demonstrated that the trial court did not consider the full range of punishment in sentencing him. And we will overrule Johnson's third issue because he has failed to preserve it. We will, however, make certain modifications to the trial court's judgments, and we will affirm the trial court's judgments as modified.

## II. BACKGROUND

Johnson pleaded guilty to aggravated assault against a public servant, abandoning or endangering a child with criminal negligence, evading arrest or detention with a motor vehicle, and three counts of aggravated assault with a deadly weapon. In August 2022, the trial court placed him on deferred adjudication community supervision for a period of ten years on each count.

While Johnson was still on deferred adjudication, the State filed a petition to proceed to adjudication in each case, complaining that Johnson had violated certain terms and conditions of his community supervision. The State later amended its petition in each case, alleging that Johnson had committed the following violations of his community supervision: (1) a new offense—assault causing bodily injury of a woman with whom he had a dating relationship; (2) a second new offense—assault causing bodily injury against the same woman; (3) a third new offense—prevention or interference with that woman's ability to place an emergency call; (4) his failure to provide a urine sample on or about July 27, 2023, as instructed by the trial court or his supervision officer; (5) his failure to report during the months of September 2023,

3

October 2023, November 2023, December 2023, January 2024, February 2024, March 2024, and April 2024, as instructed by the trial court or his supervision officer; and (6) his May 16, 2024 use or possession of marijuana or cannabinoids.

The trial court later conducted a hearing on the State's amended petition. At the outset of the hearing, the State indicated that it was waiving the allegations in the first three paragraphs of its amended petition. Later in the hearing, Johnson admitted that the allegations in the fifth and sixth paragraphs of the State's amended petition were true. Despite the fact that the State had indicated that it was waiving the first three paragraphs of its amended petition, the trial court found the allegations in those paragraphs to be true. The trial court also found the allegations in paragraphs five and six of the State's amended petition to be true.[1]

## III. DISCUSSION

### A. Johnson's Sufficiency Complaint

In his first issue, Johnson argues that there is insufficient evidence to support the trial court's determination that the allegations in the first three paragraphs of the State's amended petition are true.

#### 1. Standard of Review and Applicable Law

We review an order to proceed to adjudication in the same manner that we review a decision to revoke community supervision. *Powe v. State*, 436 S.W.3d 91, 93

---

[1]The trial court did not make a finding with respect to the allegations in the fourth paragraph of the State's amended petition.

(Tex. App.—Fort Worth 2014, pet. ref'd). We review a trial court's decision to revoke community supervision for an abuse of discretion. *Id.* In an adjudication proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms and conditions of his community supervision. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd).

If the State meets its burden of proof, the trial court's finding of a single violation of a condition of community supervision is sufficient to support adjudication. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Leach*, 170 S.W.3d at 672. Further, a defendant's plea of true is generally sufficient on its own to support a trial court's decision to revoke community supervision. *Rowley v. State*, No. 02-17-00107-CR, 2017 WL 5895184, at *2 (Tex. App.—Fort Worth Nov. 30, 2017, no pet.) (mem. op., not designated for publication) (first citing *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015); and then citing *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012) (op. on reh'g)).

### 2. Analysis

Here, Johnson argues that the trial court abused its discretion by finding that the allegations in the first three paragraphs of the State's amended petition are true because the State had waived those paragraphs at the adjudication hearing. The State candidly concedes that "the trial court erred in finding Paragraphs One, Two, and

5

Three 'true' in the six cases," although the State argues that Johnson is entitled to, "at most . . . reformation of the [j]udgments." We agree with the State.

The record reflects that the State waived the allegations in the first three paragraphs of its amended petition at the start of the hearing. The record also reflects, however, that Johnson pleaded "true" to the allegations in the fifth and sixth paragraphs of the State's amended petition.[2] Because he pleaded "true" to those other alleged violations, the evidence was sufficient to support the trial court's judgments adjudicating Johnson's guilt. *See Garcia*, 387 S.W.3d at 26; *Rowley*, 2017 WL 5895184, at *2; *Leach*, 170 S.W.3d at 672; *see also Caesar v. State*, No. 13-21-00035-CR, 2021 WL 6052835, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 21, 2021, no pet.) (mem. op., not designated for publication) (holding that the trial court did not abuse its discretion in revoking the appellant's community supervision when the appellant did not "challenge the proof in support of violations ten and eleven on appeal"); *Weston v. State*, No. 02-11-00206-CR, 2011 WL 6260792, at *3 (Tex. App.—Fort Worth Dec. 15, 2011, no pet.) (per curiam) (mem. op., not designated for publication) ("Because proof of a single violation in each case is sufficient to support the trial court's decision to adjudicate, we need not address appellant's remaining points regarding the other alleged violations.").

We overrule Johnson's first issue.

---

[2]Johnson makes no complaint on appeal regarding the sufficiency of the evidence with respect to the allegations in the fifth and sixth paragraphs.

## B. Johnson's Complaint Regarding the Trial Court's Alleged Failure to Consider the Full Range of Punishment

In his second issue, Johnson argues that he was deprived of due process because the trial court did not consider the full range of punishment.[3]

### 1. Applicable Law

Due process requires that a trial court be neutral and detached when assessing punishment. *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014); *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). A trial court improperly denies a defendant due process when it arbitrarily refuses to consider the entire range of punishment or imposes a predetermined punishment. *Grado*, 445 S.W.3d at 739; *Ex parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005). While the trial court may impress upon a prospective probationer the seriousness of possible consequences of a failure to abide by the terms of probation, the trial court may not promise to impose the maximum punishment should the prospective probationer fail to abide by the terms of probation and then carry out on that promise without considering the evidence presented at the adjudication hearing. *Brown*, 158 S.W.3d at 456–57. Absent a clear showing of bias, we will presume that the trial court was neutral and detached when it assessed a defendant's punishment. *Brumit*, 206 S.W.3d at 645; *Ray v. State*,

---

[3]While Johnson did not raise this complaint with the trial court, "a complaint that the trial court failed to consider the full range of punishment may be raised for the first time on appeal." *Banister v. State*, 551 S.W.3d 768, 770 (Tex. App.—Fort Worth 2017, no pet.).

No. 14-22-00286-CR, 2023 WL 4571960, at *3 (Tex. App.—Houston [14th Dist.] July 18, 2023, no pet.) (mem. op., not designated for publication).

## 2. The Complained-Of Exchange

In arguing that the trial court did not consider the full range of punishment, Johnson points to the following exchange that occurred at the beginning of the adjudication hearing:

> THE COURT: All right. Mr. Johnson, you were placed on probation back on August the 22nd of 2022, for aggravated assault public servant and then endangerment to a child, evading arrest, aggravated assault with a deadly weapon, another aggravated assault with a deadly weapon, and the last case was aggravated assault with a deadly weapon. Do you recall that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: I told you to stay out of trouble, right? Do you remember that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. But you didn't. You picked up . . . new offenses; is that correct?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you recall what that was?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: All right. That's bodily injury to [the victim]; is that correct?
>
> THE DEFENDANT: Yes, sir.

THE COURT: All right. So it's true, you did pick up that offense, right?

THE DEFENDANT: Yes, sir.

THE COURT: All right. You also actually picked up another one on [the victim]; is that true, which occurred on the 19th day of August 2023; is that correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. And another one was the – interfere with the ability for [the victim] to place an emergency call; is that correct also?

THE DEFENDANT: Yes, sir.

### 3. Analysis

We reject Johnson's contention that the complained-of exchange clearly demonstrated that the trial court did not consider the full range of punishment. First, we note that nothing about that exchange suggests that the trial court had arrived at any predetermined sentence or that the trial court did not consider the full range of punishment.[4] *See Parker v. State*, No. 03-15-00369-CR, 2016 WL 3974584, at *2 (Tex. App.—Austin July 20, 2016, no pet.) (mem. op., not designated for publication) ("A trial court's statement attempting to demonstrate the seriousness of the need for compliance with the terms and conditions of community supervision, without more,

[4]In contrast, in *Brown*—a case that Johnson relies on in his brief—the trial court told the prospective probationer that it would sentence him to twenty years' confinement if he failed to comply with the terms of his probation. 158 S.W.3d at 451. And the trial court, good to its word, later sentenced the defendant to twenty years' confinement when his probation was revoked. *Id.* at 451–52.

does not constitute a due-process violation."). Instead, the record reflects that the trial court listened to the arguments presented by both sides, reviewed the record and listened to the evidence before it, and then determined the appropriate sentences. *See Mahon v. State*, No. 09-22-00433-CR, 2024 WL 3960479, at *5 (Tex. App.—Beaumont Aug. 28, 2024, pet. ref'd) (mem. op., not designated for publication) (holding that nothing in the record rebutted the presumption that the trial court considered the full range of punishment when the trial court "listened to the arguments presented by both sides, reviewed the record before it, and determined a twenty-year sentence and two ten-year sentences were an appropriate punishment"); *Cumbie v. State*, No. 12-21-00161-CR, 2022 WL 2374642, at *4 (Tex. App.—Tyler June 30, 2022, pet. ref'd) (mem. op., not designated for publication) (holding that the trial court did consider the full range of punishment when it heard testimony from two witnesses during the sentencing hearing and did not make any statements indicating a failure to consider the full range of punishment).

Second, the record indicates that the trial court did consider the full range of punishment because it imposed a twenty-year sentence for the offense of aggravated assault against a public servant, a first-degree offense that carries a maximum sentence of ninety-nine years' confinement or life imprisonment, and the trial court ran Johnson's remaining sentences concurrently with that twenty-year sentence. *See* Tex. Penal Code Ann. §§ 12.32 (providing punishment range for a first-degree felony), 22.02(b)(2)(B) (providing that aggravated assault against a public servant is a

10

first-degree felony); Tex. Code Crim. Proc. Ann. art. 42.08(a) (authorizing trial court to exercise its discretion to order that sentences run concurrently or be cumulated); *see also Banister*, 551 S.W.3d at 770 (holding that record indicated that the trial court did consider full range of punishment because it imposed a five-year sentence, which was less than the ten-year maximum sentence); *Hansana v. State*, No. 02-15-00119-CR, 2016 WL 741976, at *2 (Tex. App.—Fort Worth Feb. 25, 2016, no pet.) (mem. op., not designated for publication) (holding that record indicated that the trial court did consider full range of punishment because it imposed a fifty-year sentence, which was less than the maximum sentence of ninety-nine years or life imprisonment); *Gonzalez v. State*, No. 01-14-00861-CR, 2015 WL 9310903, at *2 (Tex. App.—Houston [1st Dist.] Dec. 22, 2015, no pet.) (mem. op., not designated for publication) (holding that record indicated that the trial court did consider full range of punishment when it imposed a sixteen-year sentence, which was less than the maximum sentence of ninety-nine years or life imprisonment).

We overrule Johnson's second issue.

## C. Johnson's Complaint Regarding the Trial Court's Alleged Failure to Provide Him with a Written Statement of the Evidence Relied on and the Reasons for the Revocation

In his third issue, Johnson argues that the trial court denied him due process by "failing to provide a written statement of the evidence relied on and the reasons for the revocation."

11

### 1. Applicable Law

In *Gagnon v. Scarpelli*, the United States Supreme Court set forth the minimum requirements of due process for a proceeding involving the revocation of probation. 411 U.S. 778, 786, 93 S. Ct. 1756, 1761–62 (1973). The Court held that, in order to meet the minimum requirements of due process, a defendant is entitled to (1) written notice of the claimed violations, (2) disclosure of the evidence against him, (3) the opportunity to be heard and to present witnesses and documentary evidence, (4) the right to confront and cross-examine adverse witnesses, (5) a neutral and detached hearing body, and (6) a written statement by the factfinder as to the evidence relied on and the reasons for revocation. *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604 (1972)); *see Ex parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006) (discussing *Gagnon* and the requirements of due process for a revocation proceeding).

### 2. Johnson's Failure to Preserve His Complaint

Here, Johnson argues that he was denied due process because he did not receive all that he was entitled to under *Gagnon*. Specifically, he argues that he did not receive a written statement from the trial court as to the evidence it relied upon and the reasons for revocation. In a footnote in his brief, Johnson states that his complaint "appears to be an issue of almost first impression." We note, however, that we recently addressed a similar complaint in *Nolan v. State*, No. 02-24-00208-CR, 2025 WL 285357, at *4–5 (Tex. App.—Fort Worth Jan. 23, 2025, no pet.) (mem. op., not

12

designated for publication). In *Nolan*, we held that the appellant had failed to preserve his complaint that "the trial court [had] denied him due process by failing to provide him a written statement of the evidence relied on and the reasons for the revocation" because he had not raised such a complaint in the trial court.[5] *Id.* at *4. Thus, just as we did in *Nolan*, we will turn to the issue of preservation.

Because it is a systemic requirement, this court should independently review error preservation, and we have a duty to ensure that a claim is properly preserved in the trial court before we address the merits. *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020).

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Dixon*, 595 S.W.3d at 223. Generally, a defendant forfeits constitutional errors by failing to object at trial. *Golliday v. State*, 560 S.W.3d 664, 670–71 (Tex. Crim. App. 2018); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). And, as we have recognized, "The court of criminal appeals continues to require a defendant to preserve an argument

---

[5]Johnson's appellate counsel represented the defendant in *Nolan* on appeal. Johnson's brief was filed in this case before our opinion in *Nolan* had issued.

13

that the procedure used to revoke h[is] community supervision failed to comply with due process." *Sneed v. State*, 493 S.W.3d 218, 220 (Tex. App.—Fort Worth 2016, no pet.) (citing *Tapia*, 462 S.W.3d at 37).

Here, Johnson did not raise in the trial court the complaint he now makes on appeal—that the trial court failed to provide him a written statement of the evidence relied on and the reasons for the revocation.[6] Accordingly, he has failed to preserve his complaint for our review. *See* Tex. R. App. P. 33.1(a)(1); *Montelongo*, 623 S.W.3d at 822; *Sneed*, 493 S.W.3d at 220; *see also Nolan*, 2025 WL 285357, at *4 (holding that the appellant failed to preserve his complaint that the trial court had denied him due process by failing to provide him a written statement of the evidence relied on and the reasons for the revocation when he did not raise that complaint with the trial court); *Bonakies v. State*, No. 02-23-00305-CR, 2024 WL 2854773, at *3 (Tex. App.—Fort Worth June 6, 2024, pet. ref'd) (mem. op., not designated for publication) (holding that the appellant failed to preserve his complaint that the trial court had violated due process by failing to conduct a hearing on the State's petition to proceed to adjudication when the appellant did not raise the issue with the trial court).

We overrule Johnson's third issue.

---

[6]Indeed, when asked by the trial court whether there was any legal reason why Johnson should not be sentenced in the various cases, his trial counsel stated, "No, Your Honor." And while Johnson filed a motion for new trial, he did not raise in that motion the complaint he now makes on appeal.

## D. Our Modification of the Judgments

We have the power to modify a trial court's judgment when we have the necessary information to do so. *See* Tex. R. App. P. 43.2(b) (providing that appellate courts may modify judgments and affirm as modified); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).

Here, Johnson pleaded true to the fifth and sixth paragraphs of the State's amended petition. He did not, however, plead true to any of the other paragraphs in the State's amended petition.[7] The trial court's judgments, however, reflect that Johnson pleaded "True" to the State's "Motion to Adjudicate." We modify the trial court's judgments to instead reflect that Johnson pleaded "True" to only the allegations contained in the fifth and sixth paragraphs of the "State's First Amended Petition to Proceed to Adjudication." *See Mwenebatu v. State*, No. 02-17-00160-CR, 2018 WL 1096061, at *1 (Tex. App.—Fort Worth Mar. 1, 2018, no pet.) (mem. op., not designated for publication) (modifying judgment "to reflect that [the appellant] pleaded not true to the first allegation in the State's adjudication petition and true to the second and third allegations" and affirming the judgment as modified).

Further, the trial court's judgments reflect that Johnson violated the conditions of his community supervision, as set out in "Paragraphs One, Two, Three, Five[,] and

---

[7]While at one point in the hearing, he admitted that it was true that he had been "picked up" for the allegations in the first three paragraphs of the State's amended petition, he later clarified that he was denying the allegations in those paragraphs.

15

Six" of "the State's Amended Motion to Adjudicate Guilt." But the record reflects—and the State concedes—that the State waived the first three paragraphs of its amended motion at the outset of the adjudication hearing. Thus, we modify the trial court's judgments to reflect that Johnson violated the conditions of his community supervision, as set out in the fifth and sixth paragraphs of the "State's First Amended Petition to Proceed to Adjudication." *See Gonzales v. State*, No. 07-03-0010-CR, 2003 WL 21168997, at *2 (Tex. App.—Amarillo May 20, 2003, no pet.) (not designated for publication) (modifying judgment to delete finding that the appellant had committed a new offense in violation of his probation when the appellant had not pleaded true to that allegation and no evidence supported it but when he had pleaded true to other grounds in the State's motion to revoke).

## IV. CONCLUSION

Having overruled Johnson's three issues, we modify the trial court's judgments to incorporate the changes indicated above, and we affirm the trial court's judgments as modified.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 1, 2025

16