

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00356-CR
### NO. 02-12-00357-CR

GLEN LATEL POWE A/K/A GLEN POWE                                        APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

In May 2011, Appellant Glen Latel Powe pled guilty to aggravated robbery and robbery, and the trial court placed him on deferred adjudication community supervision. A little more than a year later, in each case, the trial court found ten allegations in the State's petition to proceed to adjudication true, and then, following Appellant's agreement with the State, revoked his deferred adjudication community supervision, convicted him of aggravated robbery and robbery, and

sentenced him to forty years' confinement and twenty years' confinement respectively, with the sentences running concurrently. Appellant brings two issues on appeal, arguing (1) that the trial court abused its discretion by finding true two allegations that he had committed deadly conduct and (2) that his punishment plea was not voluntary and the trial court therefore should have withdrawn his plea at punishment sua sponte. Because the trial court did not abuse its discretion by finding at least one allegation in each petition to proceed to adjudication true and because the trial court did not err by failing to sua sponte withdraw Appellant's plea at the punishment hearing, we affirm the trial court's judgments.

**Petition to Proceed to Adjudication**

The petition to proceed to adjudication in each case alleged eleven violations of the terms and conditions of Appellant's deferred adjudication community supervision. The State abandoned the allegation of failure to report. Appellant argues that the trial court abused its discretion by finding allegations number three and five true. As the State points out, Appellant does not challenge the sufficiency of the evidence to support the findings of true regarding the remaining eight allegations.

An appellate court reviews an order to proceed to adjudication in the same manner as a decision revoking "straight" or regular community supervision.[1] An

---

[1]Tex Code Crim. Proc. Ann. art. 42.12 § 5(b) (West Supp. 2013).

appellate court reviews an order revoking community supervision for an abuse of discretion.[2] In a revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision as alleged in the petition to revoke.[3] Appellant concedes in his brief that "there was sufficient evidence to substantiate the adjudication on [grounds other than those alleged in allegations three and five]." We agree. Proof of a violation of a single condition is sufficient to support a trial court's decision to revoke probation.[4]

But Appellant also summarily argues that "the deadly conduct finding[s] [on allegations three and five] most likely had some effect" on his punishment. In light of the fact that the uncontested allegations include

- three counts of aggravated assault, two allegedly committed against the complainants named in the challenged allegations and one that Appellant allegedly committed by shooting a third complainant;

- deadly conduct (by shooting a gun) that Appellant allegedly committed against that third complainant;

---

[2]*Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

[3]*Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

[4]*Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978); *see Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975) (holding revocation proper because even if his contentions were correct, Gobell's revocation was based on two offenses and he challenged only one); *Ross v. State*, 523 S.W.2d 402, 404 (Tex. Crim. App. 1975) (holding State's allegation of failure to report to probation officer was sufficient to revoke despite any showing of deficiency in the other two violations alleged in the motion to revoke), *overruled on other grounds by Henson v. State*, 407 S.W.3d 764, 768 & n.17 (Tex. Crim. App. 2013), *cert. denied*, 134 S. Ct. 934 (2014).

- aggravated robbery that Appellant allegedly committed against a fourth complainant;

- aggravated robbery (with a gun) and robbery causing bodily injury that Appellant allegedly committed against a fifth complainant; and

- possessing a firearm,

it is difficult to understand how two additional allegations of deadly conduct by shooting had any perceptible additional negative influence on the sentences the trial court imposed. Additionally, the sentences the trial court imposed were the sentences agreed upon by the State and Appellant.

Given the eight unchallenged "true" findings, we hold that the trial court did not abuse its discretion by granting the State's petitions to proceed to adjudication. We overrule Appellant's first issue.

**Punishment Plea**

After the trial court found the ten live allegations in the petitions to proceed to adjudication true, Appellant and the State entered into an agreement whereby (1) he would plead guilty to two new cases, trial court cause numbers 1271018D and 1270995D, alleged as violations of terms and conditions of his community supervision in the cases now before this court, (2) his punishment in those two new cases would be fifteen years' confinement each, (3) his punishment in the aggravated robbery and robbery before us would be forty years' and twenty years' confinement respectively, and (4) the four sentences would run concurrently. The trial court followed the agreement, adjudicated Appellant guilty of all four cases, and sentenced him in accordance with the agreement.

4

After Appellant had been convicted and sentenced in all four cases and was serving his sentences, he sent two pro se letters to the trial court specifically complaining of the forty-year sentence he received for the aggravated robbery before us and generally complaining that his plea was involuntary. He mentioned wanting to appeal four times in the two short documents. He did not mention a motion for new trial or even a "new trial." The trial court treated Appellant's letters as a pro se notice of appeal.

Appellant appears to argue in his brief that his pleas of guilty in the two additional cases were involuntary and that the trial court should have sua sponte (1) withdrawn his guilty pleas in those cases, (2) voided the punishment agreement in the cases before us, and (3) given him a new trial on punishment. This court has already dismissed the appeals in the two additional plea-bargained cases, and mandate has issued.[5] We address those cases only as they relate to Appellant's suggestion that his pleas in those cases affect his punishment agreement in the two revocation cases now on appeal.

Appellant's argument fails for multiple reasons. In his letters, Appellant did not ask the trial court to withdraw his pleas of guilty and did not ask for a new trial in the additional two cases or in the cases now before us. When the trial court received the letters, the trial court had already pronounced sentence in all four

---

[5]*See Powe v. State*, Nos. 02-12-00358-CR, 02-12-00359-CR, 2012 WL 4815535, at *1 (Tex. App.—Fort Worth Oct. 11, 2012, no pet.) (mem. op., not designated for publication).

5

cases, and Appellant was already serving each sentence. The trial court therefore had no vehicle for withdrawing the guilty pleas in the two additional cases or for vacating the related sentences in the cases before us. A trial court cannot grant a new trial on its own motion.[6] Only a defendant can request and receive a new trial in a criminal case.[7]

Nor, even if we were to construe Appellant's letters as a motion for new trial, are the bare assertions contained in them sufficient to create a record supporting involuntariness where none exists in the appellate record before us. We overrule Appellant's second issue.

**Conclusion**

Having overruled Appellant's two issues, we affirm the trial court's judgments.

---

[6]*See* Tex. R. App. P. 21.1, 21.4; *Zaragosa v. State*, 588 S.W.2d 322, 326–27 (Tex. Crim. App. 1979); *Dunn v. State*, 176 S.W.3d 880, 886–87 (Tex. App.—Fort Worth 2005, no pet.); *Harris v. State*, 958 S.W.2d 292, 293 (Tex. App.—Fort Worth 1997, pet. ref'd); *see also State v. Aguilera*, 165 S.W.3d 695, 698 n.9 (Tex. Crim. App. 2005).

[7]*See* Tex. R. App. P. 21.1, 21.4; *Zaragosa*, 588 S.W.2d at 326–27; *Dunn*, 176 S.W.3d at 885.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

PUBLISH

DELIVERED:  May 22, 2014