

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00372-CR

GREGORY ISAACS JOHN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1294827D

----------

## MEMORANDUM OPINION[1]

----------

The trial court revoked appellant Gregory Isaacs John's community supervision and adjudicated his guilt for burglary of a habitation[2] while finding that he had violated three community supervision conditions: he committed a new offense, he failed to complete a court-ordered program, and he failed to

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 30.02(a)(1) (West Supp. 2017).

report to his community supervision officer. On appeal from his conviction, John contends that the trial court violated his right of due process by failing to admonish him about the consequences of pleading "true" to the second and third violations, but he does not challenge the trial court's finding that he committed a new offense. Because John does not contest all grounds upon which the trial court revoked his community supervision and adjudicated his guilt, we overrule his sole point and affirm the trial court's judgment.

## Background

A grand jury indicted John for burglary of a habitation. He pleaded guilty and judicially confessed to committing the offense. The trial court deferred its adjudication of his guilt, placed him on community supervision for five years, and imposed several conditions.

Within the five-year term, the State filed a petition for the trial court to adjudicate John's guilt. The State alleged that he had violated conditions of his community supervision by committing a new offense (another burglary), by failing to successfully complete a court-ordered program, and by failing to report to his community supervision officer over the course of several months. On the record at the revocation hearing, John pled "not true" to the first allegation and "true" to the second and third allegations. The trial court did not give him admonishments about his pleas of true on the record at the hearing.

The State presented testimony from Nizar Kotadia, the owner of a convenience store in Euless. According to Kotadia, one early morning in 2016,

before the store opened, someone broke into it and stole cigarettes, condoms, cash, and earphones. After a burglary alarm sounded, the police promptly arrived at the store, detained John, and found several condoms along with cigarette paper in his pockets. The store's surveillance video showed that during the burglary, John acted as a "lookout" while another man broke into the store and stole merchandise.

The trial court found all three of the State's allegations true and adjudicated John's guilt for burglary of a habitation. After receiving evidence on the issue of his punishment, the trial court sentenced him to ten years' confinement. He brought this appeal.

**Unchallenged Basis for Revocation**

In one point, John argues that the trial court violated his right of due process by failing to admonish him about the consequences of his pleas of true, rendering those pleas unknowing and involuntary. John does not, however, contest the trial court's finding that he violated a community supervision condition by committing another burglary.

We review a trial court's decision to revoke a defendant's community supervision and to adjudicate guilt for an abuse of discretion. *Powe v. State*, 436 S.W.3d 91, 93 (Tex. App.—Fort Worth 2014, pet. ref'd). Proof of a single violation suffices to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd) ("Proof by a preponderance of the evidence of any *one* of the

3

alleged violations of the conditions of community supervision is sufficient to support a revocation order."). Thus, we cannot hold that a trial court's revocation and adjudication decisions constitute an abuse of discretion when an appellant does not challenge all grounds on which the trial court based those decisions. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) ("The appellant has failed to raise any contentions concerning the finding that he committed the offense of escape. Nor does our review reveal any error. We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *Wallace v. State*, No. 06-16-00214-CR, 2017 WL 1437164, at *2 (Tex. App.—Texarkana Apr. 21, 2017, no pet.) (mem. op., not designated for publication) ("[W]e hold that Wallace has failed to show that the trial court abused its discretion in revoking his community supervision based on the unchallenged grounds."); *Garcia v. State*, No. 02-15-00138-CR, 2017 WL 370924, at *2 (Tex. App.—Fort Worth Jan. 26, 2017, pet. ref'd) (mem. op., not designated for publication) ("When the trial court finds several violations, we will affirm a revocation order if the State proved any one of them by a preponderance of the evidence. As a corollary, the trial court's judgment should be affirmed if the appellant does not challenge each ground on which the trial court revoked community supervision." (citations omitted)).

John does not challenge the trial court's revocation and adjudication decisions on the basis of the court's finding that he violated a condition of his community supervision by committing a new offense. Thus, we hold that the trial

4

court did not abuse its discretion by revoking his community supervision and by adjudicating his guilt on that violation, and we overrule his sole point of error, which concerns other alleged violations, as moot.  *See* Tex. R. App. P. 47.1; *Moore*, 605 S.W.2d at 926; *Garcia*, 2017 WL 370924, at *2 ("Because we can affirm the trial court's judgment based on the unchallenged paragraph C finding, any putative error in connection with the paragraph A finding becomes moot.").

## Conclusion

Having overruled John's sole point, we affirm the trial court's judgment.

/s/ Wade Birdwell
WADE BIRDWELL
JUSTICE

PANEL:  SUDDERTH, C.J.; MEIER AND BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 19, 2018