

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00069-CR

_____

TREVIONTA TERRELL SANDERS, Appellant

V.

THE STATE OF TEXAS

On Appeal from 372nd District Court
Tarrant County, Texas
Trial Court No. 1645518D

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

The State indicted appellant Trevionta Terrell Sanders for robbery by threats. *See* Tex. Penal Code Ann. § 29.02(a)(2). In 2021, the trial court placed Sanders on deferred-adjudication community supervision.[1] Thereafter, the State filed a series of petitions to proceed to an adjudication that ended with its fifth amended petition. After a hearing on the State's fifth amended petition, the trial court found that Sanders had violated the conditions of his community supervision as alleged in six of the eleven paragraphs of the State's petition. After a punishment trial, the trial court sentenced Sanders to ten years' incarceration in the penitentiary.[2]

On appeal, Sanders argues that the trial court violated his right to confront witnesses under the Texas Constitution. *See* Tex. Const. art. I, § 10. Because

_____

[1]The deferred-adjudication order incorrectly recites that Sanders committed the offense of robbery by causing bodily injury. *See id.* § 29.02(a)(1). The trial court later corrected this error with an order nunc pro tunc.

[2]At one point, the trial court stated that it found Sanders "guilty" of robbery by causing bodily injury. At first blush, this appeared to be an adjudication of guilt for the wrong underlying offense, which was robbery by threats. But the trial court later corrected itself and stated that it was finding "true" the allegation in paragraph 2 of the State's fifth amended petition, which alleged that Sanders had committed a new offense—robbery by causing bodily injury—as a basis for proceeding to an adjudication of quilt on the underlying offence—robbery by threats. After the punishment trial, the trial court sentenced Sanders without expressly finding him guilty of the underlying offense. Under these circumstances, the finding of guilt is implied. *See Emeyabbi v. State*, No. 06-10-00172-CR, 2011 WL 647242, at *1–2 (Tex. App.—Texarkana Feb. 23, 2011, no pet.) (mem. op., not designated for publication); *Sanchez v. State*, 222 S.W.3d 85, 88 (Tex. App.—Tyler 2006, no pet.). The judgment adjudicating guilt correctly reflects that Sanders had committed the offense of robbery by threats. *See* Tex. Penal Code Ann. § 29.02(a)(2).

Sanders's complaint on appeal does not address all of the bases of his revocation, we affirm the trial court's judgment on the unchallenged bases. And on those bases that Sanders attacked, we overrule his complaint as moot.

## I. BACKGROUND

In its fifth amended petition to proceed to an adjudication, the State alleged that Sanders had violated the conditions of his community supervision in eleven paragraphs. Of the eleven paragraphs, the trial court found six to be true. Of the six, two (paragraphs 2 and 4) dealt with new offenses that Sanders had committed against a woman and her son on August 26, 2022. Two others (paragraphs 3 and 5) dealt with Sanders's evading arrest on August 26, 2022, and again on August 27, 2022. And the last two (paragraphs 9 and 11) dealt with Sanders's failure to report to his probation officer and failure to provide a urine sample, respectively.

## II. SANDERS'S ARGUMENT

Sanders contends that, based on violations of the Texas Constitution's confrontation clause, *see id.*, the trial court abused its discretion when it admitted State's Exhibit 2 and State's Exhibit 3:

- State's Exhibit 2 is a recording of the 911 call made by the woman who was the subject of the offense alleged in paragraph 2.

- State's Exhibit 3 is an officer's body cam video that contained conversations between EMS personnel and the paragraph-2 complainant

during which they discussed primarily her injuries and, to a lesser extent, her son's injuries.[3]

Thus, the exhibits about which Sanders complains address, at most, paragraphs 2 (the offense against a woman) and 4 (the offense against the woman's son) of the State's fifth amended petition.

## III.  STANDARD OF REVIEW

An appellate court reviews an order to proceed to adjudication in the same manner as a decision revoking regular community supervision. *Powe v. State*, 436 S.W.3d 91, 93 (Tex. App.—Fort Worth 2014, pet. ref'd).  We review a trial court's decision to revoke community supervision and to adjudicate guilt for an abuse of discretion. *Id.*  Proving a single violation suffices to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd) ("Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order.").  Thus, we cannot hold that a trial court

---

[3]In the video, the complainant stated that she had received burns on her hands and arms the previous Wednesday.  We take judicial notice that the date of the offense—August 26, 2022—was a Friday.  *See* Tex. R. Evid. 201.  During the August 26, 2022 altercation with Sanders, the sterile wrappings on the complainant's burns had come off, and the medics questioned whether the complainant should go to a hospital.  Around the 5:00 point in the recording, one of the medics asked if "he" ripped the gauze off, and around 6:15 of the recording, the same medic asked about the little boy's lip.  During the revocation hearing, testimony showed that at some point during the altercation, the complainant's two-year-old son received a "busted lip."  The complainant's son is the subject of the offense alleged in paragraph 4. Photographs of their injuries were admitted without objection.

abused its discretion when an appellant does not challenge all of the grounds on which the trial court based it rulings. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) ("The appellant has failed to raise any contentions concerning the finding that he committed the offense of escape. . . . We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *Garcia v. State*, No. 02-15-00138-CR, 2017 WL 370924, at *2 (Tex. App.—Fort Worth Jan. 26, 2017, pet. ref'd) (mem. op., not designated for publication) ("[T]he trial court's judgment should be affirmed if the appellant does not challenge each ground on which the trial court revoked community supervision.").

## IV. DISCUSSION

Sanders does not challenge the trial court's findings in paragraphs 3, 5, 9, and 11. The violations in those paragraphs, as well as those in paragraphs 2 and 4, were the bases on which the trial court revoked Sanders's community supervision and adjudicated him guilty. Thus, based on the findings in paragraphs 3, 5, 9, and 11, we hold that the trial court did not abuse its discretion. *See* Tex. R. App. P. 47.1; *Moore*, 605 S.W.2d at 926; *Garcia*, 2017 WL 370924, at *2 ("Because we can affirm the trial court's judgment based on the unchallenged . . . finding, any putative error in

5

connection with the [challenged] finding becomes moot.").[4]  We overrule Sanders's

sole issue.

## V.  CONCLUSION

Having overruled Sanders's sole issue, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  November 9, 2023

---

[4]In Sanders's brief, he argues that the erroneous admission of State's Exhibits 2 and 3 impacted his punishment.  But absent error, harm is a moot issue.  *Alawad v. State*, 57 S.W.3d 24, 26 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (Yates, J., concurring).  Under the procedural posture of this appeal, if we addressed the merits of Sanders's complaint to determine error, we would be providing an advisory opinion.  We are prohibited from issuing advisory opinions.  *Tucker v. State*, 136 S.W.3d 699, 701 (Tex. App.—Texarkana 2004, no pet.).