

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00043-CR

———————————————

CHRISTIAN ALVARADO, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1681281

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Christian Alvarado appeals from the trial court's revocation of his community supervision. In his sole point, Alvarado complains that the trial court's revocation is void because it occurred after his probation term had expired. Because the record contains an order extending Alvarado's initial probation term—and because the trial court's judgment revoking Alvarado's community supervision was entered during that extended probation term—we will affirm.

## II. BACKGROUND

On June 28, 2019, Alvarado was sentenced to two years' confinement, probated for a term of two years, after a juvenile court found that he had engaged in delinquent conduct—aggravated sexual assault of a child under fourteen years of age. On March 25, 2021—before his two-year probation term had expired—the State, contending that Alvarado had violated certain terms and conditions of his community supervision, filed in the juvenile court a motion to modify the disposition of Alvarado's case. On April 7, 2021, the juvenile court held a hearing on the State's motion. That same month, the juvenile court signed an order in which it found that Alvarado had violated the terms and conditions of his community supervision. Through that order, the juvenile court extended the period of Alvarado's probation to June 28, 2024.

On May 3, 2021—Alvarado's nineteenth birthday—Alvarado's probation supervision was transferred to the trial court. On September 12, 2023, the State filed in the trial court a petition to revoke Alvarado's community supervision. In that petition, the State alleged in ten paragraphs that Alvarado had violated the terms and conditions of his community supervision. At a hearing on the State's petition, Alvarado pled true to all ten paragraphs alleged in the State's petition. At the conclusion of the hearing, the trial court found that the ten paragraphs were true, and it sentenced Alvarado to two years' confinement. Alvarado filed a motion for new trial, which was overruled by operation of law. *See* Tex. R. App. P. 21.8(c). This appeal followed.

### III. DISCUSSION

**A. The Parties' Contentions.**

In his sole point, Alvarado complains that the trial court's revocation is void because it occurred after his probation term had expired. In his brief, Alvarado mistakenly contends that "[t]here was no order extending his probation term" and that "[a]lthough the district court had [the] authority . . . to extend his period of supervision . . . it did not do so."[1]

---

[1]In a footnote in his brief, Alvarado states that "[a]lthough the probation was never extended by the court, it appears everyone assumed it had been as [he] continued on probationary supervision and neither the [S]tate [n]or the defense realized his probation had expired three years earlier."

3

In its brief, the State responds by arguing that Alvarado's probation term had been extended by the juvenile court until June 28, 2024, due to Alvarado's numerous violations of the terms and conditions of his community supervision. The State points to the juvenile court's April 2021 order that extended Alvarado's probation term—a document that was not included in the original clerk's record but that was included in a supplemental clerk's record filed after Alvarado had filed his brief.[2] The State contends that because Alvarado's probation term had been extended to June 28, 2024, the trial court's judgment revoking his community supervision is not void because the State had "filed it[s] motion to revoke well before [Alvarado's] probation expired."

In his reply brief, Alvarado argues that the trial court's revocation is void despite the juvenile court's April 2021 order that extended his probation term. Alvarado contends that we should essentially ignore the juvenile court's order extending his probation term because certain other orders signed by the trial court did not mention the extended probation term but only mentioned the original probation term.

## B. Standard of Review and Applicable Law

We review a trial court's revocation of community supervision for an abuse of discretion. *Powe v. State*, 436 S.W.3d 91, 93 (Tex. App.—Fort Worth 2014, pet. ref'd).

---

[2]It is unclear why that order was not included in the original clerk's record.

4

Section 54.04(q) of the Texas Family Code provides that a juvenile court may place a child on probation for no more than ten years. Tex. Fam. Code Ann. § 54.04(q). The juvenile court "may, before the sentence of probation expires, extend the probationary period," but the total probationary period, including extensions, must not exceed the ten-year limit. *Id.*; *see id.* § 54.05. If a sentence of probation, including any extensions, will continue after the defendant's nineteenth birthday, the court shall discharge the defendant from the sentence of probation on the defendant's nineteenth birthday unless the court transfers the defendant to an appropriate district court pursuant to Section 54.051. *Id.* § 54.04(q).

Pursuant to Section 54.051(a), upon a motion from the State concerning a child who is placed on probation for a period, including any extensions, that will continue after the child's nineteenth birthday, the juvenile court shall hold a hearing to determine whether to transfer the child to an appropriate district court or discharge the child from the sentence of probation. *Id.* § 54.051(a). If, after the hearing, the juvenile court determines to transfer the child, the court shall transfer the child to an appropriate district court on the child's nineteenth birthday. *Id.* § 54.051(d). "A district court that exercises jurisdiction over a person transferred . . . shall place the person on community supervision under Chapter 42A, Code of Criminal Procedure, for the remainder of the person's probationary period and under conditions consistent with those ordered by the juvenile court." *Id.* § 54.051(e).

Pursuant to Article 42A.751(*l*) of the Texas Code of Criminal Procedure, a court retains jurisdiction to hold a hearing to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration of the supervision period: (1) the attorney representing the State files a motion to revoke, continue, or modify the community supervision and (2) a capias is issued for the arrest of the defendant. Tex. Code Crim. Proc. Ann. art. 42A.751(*l*).

## C. Analysis

On June 28, 2019, the juvenile court established an initial two-year term for Alvarado's probation. *See* Tex. Fam. Code Ann. § 54.04(q). Before the expiration of that initial term, the State filed a motion to modify the disposition of Alvarado's case, and the trial court signed an order extending the period of Alvarado's probation to June 28, 2024. *See id.*; *see also id.* § 54.05. On September 12, 2023—after Alvarado's case had been transferred to the trial court from the juvenile court—the State filed a petition to revoke his community supervision. *See id.* § 54.051(a), (d), (e). That petition was filed and a warrant was issued for Alvarado's arrest within the period of Alvarado's extended probation; thus, the trial court had jurisdiction to sign the judgment revoking Alvarado's community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42A.751(*l*); *cf. In re P.B.B.*, No. 11-04-00061-CV, 2005 WL 2234076, at *2 (Tex. App.—Eastland Sept. 15, 2005, no pet.) (mem. op., not designated for

6

publication) ("An order to extend appellant's probation . . . needed to be in writing because, to be effective, an order must appear somewhere in the court's record.").

We reject the argument at the core of Alvarado's reply brief—that we should ignore the juvenile court's order that extended Alvarado's probation term because certain other orders did not mention the extension.[3] Alvarado points to three orders that do not mention the extended probation term:  (1) a May 26, 2021 order setting out the terms and conditions of his community supervision upon the transfer to the trial court, (2) a June 28, 2019 order that called for Alvarado's case to be transferred from the juvenile court to "an appropriate adult [d]istrict [c]ourt" upon his nineteenth birthday, and (3) the trial court's January 12, 2024 judgment revoking Alvarado's community supervision.  While it is true that none of those orders mentions the extended probation term, none of them forecloses the possibility of an extended

---

[3]Alvarado did not raise this argument in his original brief; accordingly, this argument is not properly presented for review, and we need not address it.  *See Chambers v. State*, 580 S.W.3d 149, 161 (Tex. Crim. App. 2019) ("We agree with the courts of appeals that new issues raised in a reply brief should not be considered."); *Ragsdale v. State*, No. 02-17-00340-CR, 2019 WL 2454862, at *1 (Tex. App.—Fort Worth June 13, 2019, no pet.) (mem. op., not designated for publication) ("Issues raised for the first time in a reply brief are not properly presented for review, and we need not address them."); *Deutsch v. State*, 566 S.W.3d 332, 341 n.9 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (declining to consider arguments not raised in the appellant's original brief and raised for the first time in a reply brief).  Moreover, nothing in the record reflects that Alvarado ever raised this argument in the courts below. *See* Tex. R. App. P. 33.1.  Nevertheless, even if we assumed that Alvarado had preserved and properly presented this argument, we would reject it.

probation term or in any way acts to nullify or vacate the juvenile court's order extending Alvarado's probation term.

In this regard, the first order that Alvarado points to—the terms and conditions of his community supervision upon the transfer to the trial court—simply recites as background that "[o]n the 28th day of June 2019, [Alvarado was] placed on probation for a juvenile determinate sentence for a period of 2 years." The order goes on to state that Alvarado was being transferred to the trial court "for the remainder of [his] supervision." Nothing about that order would suggest—let alone require—that we should ignore the juvenile court's order extending Alvarado's probation. Indeed, pursuant to Section 54.051(e) of the Family Code, the district court was required to place Alvarado "on community supervision . . . for the remainder of the person's probationary period and under conditions consistent with those ordered by the juvenile court." Tex. Fam. Code Ann. § 54.051(e). That would necessarily include the dictates of the juvenile court's April 2021 order extending Alvarado's probation.

The second order that Alvarado points to—the June 28, 2019 order that called for his case to be transferred upon his nineteenth birthday—recites the procedural background of the case up to that point and orders that Alvarado's case be transferred to a Tarrant County district court upon his nineteenth birthday. It is no wonder that that order did not mention the order extending Alvarado's probation term—the April 2021 order extending Alvarado's probation term had not been entered at the time of that June 28, 2019 order. And, once again, nothing about the transfer order

would suggest—let alone require—that we should ignore the juvenile court's order extending Alvarado's probation. *See id.*

As to the third order that Alvarado points to—the judgment revoking his community supervision—that judgment recites that the date of Alvarado's "Original Community Supervision Order" was June 28, 2019. That statement is correct: the initial two-year term of Alvarado's community supervision was established by the juvenile court on June 28, 2019. Alvarado does not point us to any law—and we have found none—that would allow us to ignore the juvenile court's order extending his probation term simply because the judgment or some other order entered in the case did not reference the extension order. Thus, we reject Alvarado's argument that the trial court's judgment revoking his community supervision is void, and we hold that the trial court did not abuse its discretion by revoking his community supervision. *See Lockhart v. State*, No. 05-01-00579-CR, 2002 WL 31141345, at *1 (Tex. App.—Dallas Sept. 27, 2002, no pet.) (not designated for publication) (rejecting appellant's argument that orders extending his probation were ineffective because they were not listed on the trial court's docket sheet and not file stamped but were included in the clerk's certified record and signed and dated by the trial court); *cf. Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) ("A judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or

no capacity to act."' (quoting *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (orig. proceeding))).

We overrule Alvarado's sole point.

## IV. CONCLUSION

Having overruled Alvarado's sole point, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 17, 2024