

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00206-CR

———————————————————

LAMONT BERNARD WILSON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1726488

---

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. Introduction and Procedural Background

The State indicted Appellant Lamont Bernard Wilson for the offense of burglary of a habitation with intent to commit another felony (i.e., aggravated assault). *See* Tex. Penal Code Ann. § 30.02(d). The indictment included a repeat-offender notice and a state-of-disaster enhancement.

In February 2023, Wilson pleaded guilty to the burglary charge and the repeat-offender notice in exchange for seven years' deferred-adjudication community supervision and the State's waiving the state-of-disaster enhancement. The plea paperwork made clear that if Wilson were convicted of the burglary offense, he would face the following punishment: "FIRST[-]DEGREE FELONY ENHANCED: Imprisonment for life or any term of not more than 99 years or less than 15 years in the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000 may be assessed." One of Wilson's community-supervision conditions required him to commit no offenses.

Approximately two months later, the State filed a petition to proceed to adjudication. The State amended its petition twice. In its second amended petition to proceed to adjudication, the State alleged in seven paragraphs that Wilson had violated his community-supervision terms by (1) committing the offense of obstruction or retaliation on or about November 26, 2023; (2) committing the offense of evading arrest on or about October 27, 2023; (3) committing the offense of

resisting arrest/detention on or about November 26, 2023; (4) committing the offense of assault of a peace officer on or about November 26, 2023; (5) failing to report to his community-supervision officer from March to November 2023; (6) failing to report for a risk screening or assessment on or about March 3, 2023; and (7) admitting to using controlled substances on or about November 26, 2023. At the hearing on the State's second amended petition to proceed to adjudication, Wilson pleaded not true to the allegations in paragraphs 1 and 4, and he pleaded true to the remaining allegations. After hearing testimony from Wilson and two officers and after viewing body-cam footage, the trial court found the allegation in paragraph 4 not true; found the allegations in paragraphs 1, 2, 3, 5, 6, and 7 to be true; revoked Wilson's community supervision; adjudicated Wilson guilty of the burglary offense; and sentenced him to twenty-five years' confinement.

On appeal, Wilson argues in a single issue that the evidence is insufficient to support the trial court's finding of true to the first allegation, which alleged the offense of obstruction or retaliation. Because Wilson failed to challenge each of the trial court's findings and because only one finding is necessary to support the trial court's decision to revoke community supervision and adjudicate guilt, we affirm.

## II. Standard of Review

We review a trial court's decision to adjudicate guilt with the same standard we use to review a trial court's decision to revoke community supervision, that is, we review the decision for an abuse of discretion. *See* Tex. Code Crim. Proc. Ann. art.

3

42A.108(b); *Powe v. State*, 436 S.W.3d 91, 93 (Tex. App.—Fort Worth 2014, pet. ref'd).

As we have previously summarized,

> Proving a single violation suffices to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd) ("Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order."). Thus, we cannot hold that a trial court abused its discretion when an appellant does not challenge all of the grounds on which the trial court based its rulings. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) ("The appellant has failed to raise any contentions concerning the finding that he committed the offense of escape . . . . We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *Garcia v. State*, No. 02-15-00138-CR, 2017 WL 370924, at *2 (Tex. App.—Fort Worth Jan. 26, 2017, pet. ref'd) (mem. op., not designated for publication) ("[T]he trial court's judgment should be affirmed if the appellant does not challenge each ground on which the trial court revoked community supervision.").

*Sanders v. State*, No. 02-23-00069-CR, 2023 WL 7399119, at *2 (Tex. App.—Fort Worth Nov. 9, 2023, no pet.) (mem. op., not designated for publication).

### III. Discussion

Wilson acknowledges in his brief that "in order to prevail, [he] must successfully challenge all the findings that support the revocation order," yet he does not challenge the trial court's findings in paragraphs 2, 3, 5, 6, and 7. The violations in those paragraphs, as well as the allegation in paragraph 1, were the bases on which the trial court revoked Wilson's community supervision and adjudicated his guilt. Thus, based on the unchallenged findings in paragraphs 2, 3, 5, 6, and 7, we hold that the trial court did not abuse its discretion by proceeding to adjudicate Wilson's guilt.

4

*See Moore*, 605 S.W.2d at 926; *Garcia*, 2017 WL 370924, at *2 ("Because we can affirm the trial court's judgment based on the unchallenged . . . finding, any putative error in connection with the [challenged] finding becomes moot."); *see also Sanders*, 2023 WL 7399119, at *2.[1]

Despite that there are five unchallenged findings to support the trial court's decision to revoke Wilson's community supervision and adjudicate his guilt, Wilson attempts to connect his punishment solely to the finding of true on paragraph 1, claiming that the evidence of that violation is insufficient[2] and that "[i]t's clear the

---

[1] In his brief, Wilson urges us to re-examine our holding in *Leach*—that a finding of a single violation of community supervision is sufficient to support revocation. As discussed above, this is not a case that relies on a single violation to support the decision to proceed to adjudication; instead, there are five unchallenged violations that support the trial court's decision. Additionally, Wilson ignores that the Court of Criminal Appeals has also held that proof of a single violation suffices to support revocation. *See Garcia*, 387 S.W.3d at 26. We therefore decline to re-examine our holding in *Leach*.

[2] In the factual background and in the sufficiency analysis in Wilson's brief, he sets forth only Officer Sam Spear's testimony from the adjudication hearing. Wilson completely ignores the body-cam video that was admitted without objection during the hearing. The video shows that after Wilson was arrested, he made the following statements about retaliating against the man in whose apartment he was found:

> [Wilson:] Cole told on me! You know what gonna happen though.
>
> [Cole:] I did not.
>
> [Wilson:] Yes, you did. Cole told on me.
>
> [The officer warned Wilson that he could be charged with retaliation.]
>
> [Wilson:] Man, I'm not gonna. My people is.

[trial] court's finding [on] the felony allegation of obstruction or retaliation [in paragraph 1] led to the 25-year sentence." Wilson's proffered approach is contrary to the law. *See Gardiner v. State*, No. 13-17-00392-CR, 2018 WL 3386353, at \*2 (Tex. App.—Corpus Christi–Edinburg July 12, 2018, no pet.) (mem. op., not designated for publication) (stating that the "sentence imposed [in a revocation of deferred-adjudication] is for his original crime which was a first-degree felony with a punishment range of five to ninety–nine years, or life imprisonment"); *Garza v. State*, No. 13-08-00244-CR, 2009 WL 2914470, at \*1–2 (Tex. App.—Corpus Christi–Edinburg Aug. 28, 2009, no pet.) (mem. op., not designated for publication) (upholding trial court's decision to revoke appellant's community supervision and sentence him to thirty years' confinement on his underlying first-degree felony offense when appellant answered "true" to multiple non-felony allegations in the motion to revoke—specifically admitted using narcotics, failing to report, and failing to pay the required fees). *See generally* Tex. Code Crim. Proc. Ann. art. 42A.108(a)–(b) (stating that "[o]n violation of a condition of deferred[-]adjudication community supervision, . . . [t]he defendant is entitled to a hearing limited to a determination by the court of whether the court will proceed with an adjudication of guilt on the *original* charge" (emphasis added)). Moreover, Wilson ignores that the offense for which he was placed on deferred-adjudication community supervision was a first-degree felony, that

---

We believe that this evidence should have been referenced in Wilson's brief in order to set forth a complete factual background.

6

he was warned in his plea paperwork that he would face first-degree punishment if he were convicted of the burglary offense, and that the trial court's sentence was within the punishment range for the burglary offense. We conclude that Wilson's argument is unavailing.

Accordingly, we overrule Wilson's sole issue.

## IV. Conclusion

Having overruled Wilson's sole issue, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 14, 2024