

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00208-CR

———————————————

MICHAEL P. NOLAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1743026

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Michael P. Nolan appeals from the trial court's judgment adjudicating him guilty of violating a protective order two or more times in a twelve-month period and sentencing him to ten years' confinement. *See* Tex. Penal Code Ann. § 25.072. In his sole issue, Nolan argues that the trial court denied him due process by "failing to provide a written statement of the evidence relied on and [the] reasons for the revocation." We will hold that Nolan has not preserved this complaint. We will further hold that even if Nolan had preserved this complaint, it is meritless. We will also hold that the trial court's judgment contains a clerical error that requires modification. Accordingly, we will overrule Nolan's sole issue and affirm the trial court's judgment as modified.

### II. BACKGROUND

After Nolan pled guilty to the offense of violating a protective order two or more times in a twelve-month period, the trial court placed him on deferred adjudication community supervision for two years. *See id.* While Nolan was still on deferred adjudication, the State filed a petition to proceed to adjudication, complaining that Nolan had violated certain terms and conditions of his community supervision. In the State's Fifth Amended Petition to Proceed to Adjudication (the State's Live Petition), the State alleged that Nolan had committed the following violations of his community supervision:

1.  **New Offense**:  The Defendant was ordered to commit no offense against the laws of this State or any other State of the United States.

In violation of this condition, the Defendant, on or about the 23rd day of June, 2023 though the 29th day of June 2023, in the County of Tarrant and State of Texas, did intentionally or knowingly, in violation of an order of the 360th Judicial District Court, o[f] Tarrant County, Texas, issued on the 23rd day of August 2022, in cause number 360-721425-22, under authority of the Texas Family Code Chapter 85[,] communicate in any manner that is not through an attorney or person appointed by the Court, with [T.C.], a protected individual or a member of their family or household.

And, on or about the 29th day of June 2023, in the County of Tarrant and State aforesaid, the defendant did go near the residence of [T.C.], a protected individual and these 2 acts were during a period of twelve months or less.

2.  **New Offense**:  The Defendant was ordered to commit no offense against the laws of this State or any other State of the United States.

In violation of this condition, the Defendant, on or about the 7th day of August, 2023, in the County of Tarrant and State of Texas, did intentionally or knowingly contact or penetrate the sexual organ of T.C., a pseudonym, with the penis of the defendant and without the consent of T.C. and the defendant compelled T.C. to submit or participate by the use of physical force, violence, or coercion[.]

Count two:  And it is further presented in and to said court that the defendant in the county of Tarrant and State aforesaid on or about the 7th day of August, 2023, did intentionally or knowingly contact the sexual organ of T.C. with the mouth of the defendant without the consent of T.C. and the defendant compelled T.C. to submit or participate by the use of physical force, violence, or coercion[.]

Count three:  And it is further presented in and to said court that the defendant in the county of Tarrant and State aforesaid on the 7th day of August 2023, did intentionally or knowingly, in violation of an order of the 360th District Court, of Tarrant County, Texas, issued on the 23rd day of August 2022, in cause number 360-721425-22, under

3

authority of the Texas Family Code Chapter 85[,] intentionally or knowingly cause bodily injury to T.C., a protected individual, by striking her against a hard surface or by throwing her to the ground with his hand.

3. **<u>New Offense</u>**: The Defendant was ordered to commit no offense against the laws of this State or any other State of the United States.

In violation of this condition, the Defendant, on or about the 7th day of August, 2023, in the County of Tarrant and State of Texas, did intentionally, knowingly, or recklessly cause bodily injury to T.C., a pseudonym, a member of the defendant's family or household or with whom the defendant had a dating relationship, by striking her against a hard surface or by throwing her to the ground with his hand[.]

Count two: And it is further presented in and to said Court that the defendant in the County of Tarrant and State aforesaid on or about the 7th day of August, 2023, did intentionally or knowingly by force[,] intimidation, or deception[,] restrain T.C. by confining T.C. without the consent to T.C.

4. **<u>New Offense</u>**: The Defendant was ordered to commit no offense against the laws of this State or any other State of the United States.

In violation of this condition, the Defendant, on or about the 15th day of October, 2023 through the 17th day of December, 2023, in the County of Tarrant and State of Texas, did intentionally or knowingly, in violation of an order of the 360th District Court, of Tarrant County, Texas, issued on the 23rd day of August 2022, in cause number 360-721425-22, under authority of the Texas Code of Criminal Procedure Article 85, communicate in any manner that is not through an attorney or person appointed by the Court, with [T.C.], a protected individual or a member of their family or household, and, on or about the 11th day of December 2023, in the County of Tarrant and State aforesaid, the defendant did intentionally or knowingly, in violation of an order of the 360th District Court, of Tarrant County, Texas, issued on the 23rd day of August, 2022, in cause number 360-721425-22, under authority of the Texas Code of Criminal Procedure Article 85, communicate in any manner that is not through an attorney or person appointed by the

4

Court, with [T.C.], a protected individual or a member of their family or household, and these 2 acts were during a period of twelve months or less.

5. **Contact Restrictions**: The Defendant was ordered to not contact [T.C.] in any manner (directly or indirectly), unless permitted by CSCD or the Court.

In violation of this condition, the Defendant did contact [T.C.] directly or indirectly without permission of the Court or CSCD, on or about the following dates: June 23, 2023; June 24, 2023; June 26, 2023; June 28, 2023; June 29, 2023; August 7, 2023; August 20, 2023; September 30, 2023; October 1, 2023; October 4, 2023; October 5, 2023; October 6, 2023; October 8, 2023; October 10, 2023; October 11, 2023; October 12, 2023; October 13, 2023; October 15, 2023; October 16, 2023; October 19, 2023; October 20, 2023; October 21, 2023; December 8, 2023; and December 17, 2023.

6. **Failure to Report**: The Defendant was ordered to report to the Community Supervision and Corrections Department of Tarrant County, Texas, immediately following this hearing, and no less than monthly thereafter or as scheduled by the court or supervision officer and obey all rules and regulations of the department.

In violation of this condition, the Defendant failed to report as scheduled by the supervision officer or the court during the following periods: July 2023.

7. **Monitoring Software**: The Defendant was ordered to install RemoteCOM or other monitoring software on any electronic device.

In violation of this condition, the Defendant accessed the internet, to-wit: Snap Chat, on or about December 17, 2023[,] from a device that did not have RemoteCOM software or any other monitoring software installed.

The trial court later conducted a hearing on the State's Live Petition. At the outset of the hearing, the trial court read the allegations made against Nolan in the State's Live Petition and asked Nolan to enter his plea regarding each allegation.

5

Nolan pled true to the allegations contained in paragraphs one, four, and five; he pled not true to the allegations contained in paragraphs two, three, six, and seven. Several witnesses then testified regarding the allegations in the State's Live Petition.[1] After both sides rested and closed, the trial court stated the following:

> So the allegation in paragraph 1, Mr. Nolan, upon your plea of true, I do find that it is true that you violated your deferred adjudication as alleged in paragraph 1.
>
> For paragraph 2, upon your plea of not true, I find that it is true that you violated your deferred adjudication as alleged in paragraph 2.
>
> For paragraph 3, upon your plea of not true, I find that it is true that you violated your deferred adjudication as alleged in paragraph 3.
>
> To paragraph 4, upon your plea of true, I find that it is true that you violated your deferred adjudication as alleged in paragraph 4.
>
> For paragraph 5, upon your plea of true, I find that it is true that you violated your deferred adjudication as alleged in paragraph 5.
>
> To paragraph 6, upon your plea of not true, I find that it is true that you violated your deferred adjudication as alleged in paragraph 6.
>
> And then paragraph 7, upon your plea of not true, I find that it is true that you violated your deferred adjudication as alleged in paragraph 7.

After both sides presented arguments regarding punishment, the trial court asked whether there was any reason why Nolan should not be sentenced, and neither side raised any complaint. The trial court then adjudicated Nolan guilty of violating a

---

[1]We need not detail the testimony from these witnesses because it is not relevant to our analysis. *See* Tex. R. App. P. 47.1.

protective order two or more times in a twelve-month period, revoked his community supervision, and sentenced him to ten years' confinement. The trial court also signed a written judgment adjudicating Nolan's guilt. In pertinent part, that judgment included several written findings, including the following: "While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's Amended Motion to Adjudicate Guilt, as follows: Paragraphs One, Two, Three, Four, Five, Six, and Seven[.]" Nolan appeals from that judgment.

## III. DISCUSSION

In his sole issue, Nolan argues that the trial court denied him due process by "failing to provide a written statement of the evidence relied on and [the] reasons for the revocation."

### A. Standard of Review

We review an order to proceed to adjudication in the same manner that we review a decision to revoke community supervision. *Powe v. State*, 436 S.W.3d 91, 93 (Tex. App.—Fort Worth 2014, pet. ref'd). We review a trial court's decision to revoke community supervision for an abuse of discretion. *Id.* In an adjudication proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms and conditions of his community supervision. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd). If the State meets its burden of proof, the trial

7

court's finding of a single violation of a condition of community supervision is sufficient to support adjudication. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Leach*, 170 S.W.3d at 672.

## B. Applicable Law

In *Gagnon v. Scarpelli*, the United States Supreme Court set forth the minimum requirements of due process for a proceeding involving the revocation of probation. 411 U.S. 778, 786, 93 S. Ct. 1756, 1761–62 (1973). The Court held that, in order to meet the minimum requirements of due process, a defendant is entitled to (1) written notice of the claimed violations, (2) disclosure of the evidence against him, (3) the opportunity to be heard and to present witnesses and documentary evidence, (4) the right to confront and cross-examine adverse witnesses, (5) a neutral and detached hearing body, and (6) a written statement by the factfinder as to the evidence relied on and the reasons for revocation. *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604 (1972)); *see Ex parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006) (discussing *Gagnon* and the requirements of due process for a revocation proceeding).

Here, Nolan argues that he was denied due process because he did not receive all that he was entitled to under *Gagnon*. Specifically, he argues that he did not receive a written statement from the trial court as to the evidence it relied upon and the reasons for revocation.

## C. Nolan's Failure to Preserve His Complaint

Because it is a systemic requirement, this court should independently review error preservation, and we have a duty to ensure that a claim is properly preserved in the trial court before we address the merits. *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020).

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Dixon*, 595 S.W.3d at 223. Generally, a defendant forfeits constitutional errors by failing to object at trial. *Golliday v. State*, 560 S.W.3d 664, 670–71 (Tex. Crim. App. 2018); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). And, as we have recognized, "The court of criminal appeals continues to require a defendant to preserve an argument that the procedure used to revoke h[is] community supervision failed to comply with due process." *Sneed v. State*, 493 S.W.3d 218, 220 (Tex. App.—Fort Worth 2016, no pet.) (citing *Tapia v. State*, 462 S.W.3d 29, 37 (Tex. Crim. App. 2015)).

Here, Nolan argues on appeal that the trial court denied him due process by failing to provide him a written statement of the evidence relied on and the reasons for the revocation. Nolan contends that the allegedly missing written statement

9

"appears to be the functional equivalent of findings of fact and conclusions of law." Nolan, however, did not raise this complaint with the trial court.[2] Accordingly, he has failed to preserve his complaint for our review. *See* Tex. R. App. P. 33.1(a)(1); *Montelongo*, 623 S.W.3d at 822; *Sneed*, 493 S.W.3d at 220; *see also Bonakies v. State*, No. 02-23-00305-CR, 2024 WL 2854773, at *3 (Tex. App.—Fort Worth June 6, 2024, pet. ref'd) (mem. op., not designated for publication) (holding that appellant failed to preserve his complaint that trial court had violated due process by failing to conduct a hearing on the State's petition to proceed to adjudication when appellant did not raise the issue with the trial court); *State v. Froid*, 301 S.W.3d 449, 452 (Tex. App.—Fort Worth 2009, no pet.) (holding that the State had waived its complaint regarding the sufficiency of the trial court's findings of fact and conclusions of law when it did not raise that complaint with the trial court).

## D. The Merits of Nolan's Complaint

Even if we put aside Nolan's failure to preserve his complaint, we would still reject it on the merits. Nolan contends that without the allegedly missing written statement, his "ability to seek appellate review of his revocation and this Court's ability to review the trial court's action are severely impaired." The State counters that "[t]he trial court did not violate [Nolan's] due[-]process rights because the information necessary for this Court to determine the trial court's adjudication bas[e]s is apparent

---

[2]Indeed, when asked by the trial court whether there was any legal reason why Nolan should not be sentenced, his counsel stated, "Nothing from the defense."

from the record." *See Smith v. State*, 587 S.W.3d 413, 421 (Tex. App.—San Antonio 2019, no pet.) ("The trial court need not issue separate findings if the judgment or revocation order discloses the grounds for revocation found by the trial court."). We agree with the State.

The information necessary for us to determine the trial court's bases for adjudicating Nolan's guilt is apparent from the record. As recounted above, the State's Live Petition detailed Nolan's alleged violations of the terms and conditions of his community supervision. At the hearing on the State's Live Petition, the trial court read each of the allegations made by the State against Nolan, and Nolan pled true to the allegations contained in paragraphs one, four, and five. After hearing testimony from witnesses, the trial court stated on the record that it had found the allegations contained in paragraphs one through seven of the State's Live Petition to be true. And the trial court's judgment also reflected that Nolan had violated the conditions of his community supervision "as set out in the State's Amended Motion to Adjudicate Guilt, as follows: Paragraphs One, Two, Three, Four, Five, Six, and Seven[.]"

Given the record before us, we hold that due process has been satisfied because we have the information necessary to determine the trial court's bases for adjudicating Nolan's guilt.[3] *See Smith*, 587 S.W.3d at 422 (holding that due process

---

[3]Moreover, we note that Nolan pled true to three of the seven paragraphs alleged in the State's Live Petition. "Proof of any one of the alleged violations is sufficient to support a revocation of probation." *Payne v. State*, No. 14-09-00802-CR,

11

was satisfied when "the information necessary to determine the terms of appellant's probation on which the trial court based the revocation was apparent [from the record]"); *Albolaez v. State*, No. 05-09-01355-CR, 2011 WL 477914, at *3 (Tex. App.—Dallas Feb. 11, 2011, no pet.) (not designated for publication) (holding that judgment adjudicating guilt satisfied minimum due process requirements when the State's motion to adjudicate was included in the record and when the judgment recited that the trial court had found that the allegations in the motion to adjudicate had been proven); *Thomas v. State*, No. 05-09-00110-CR, 2010 WL 670237, at *1 (Tex. App.—Dallas Feb. 26, 2010, no pet.) (not designated for publication) ("Here, appellant did not request specific findings. Moreover, the motion to adjudicate is included in the record, and the judgment recites the trial court found the allegations in the motion to adjudicate had been proven. We conclude the judgment adjudicating guilt satisfies minimum due process requirements."). Thus, we cannot say that the trial court abused its discretion by adjudicating Nolan's guilt. *See Powe*, 436 S.W.3d at 93. We overrule Nolan's sole issue.

## E. Our Modification of the Judgment

While neither side has requested that we modify the trial court's judgment, we have the power to make the record "speak the truth" when we have the necessary information to do so. *Ette v. State*, 551 S.W.3d 783, 792 (Tex. App.—Fort Worth

2010 WL 5043573, at *5 (Tex. App.—Houston [14th Dist.] Dec. 9, 2010, no pet.) (mem. op., not designated for publication).

12

2017), *aff'd*, 559 S.W.3d 511 (Tex. Crim. App. 2018). Here, the trial court's judgment included the following statement: "While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's Amended Motion to Adjudicate Guilt, as follows: Paragraphs One, Two, Three, Four, Five, Six, and Seven[.]"

The record clearly shows that the underlying hearing concerned the State's Live Petition—i.e., the State's Fifth Amended Petition to Proceed to Adjudication—not the vaguely worded "State's Amended Motion to Adjudicate Guilt." Thus, to make the record "speak the truth," we modify the judgment by replacing the words "the State's Amended Motion to Adjudicate Guilt" with the words "the State's Fifth Amended Petition to Proceed to Adjudication." *See Edwards v. State*, No. 05-11-00702-CR, 2012 WL 1222265, at *3 (Tex. App.—Fort Worth Apr. 12, 2012, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect that it was based on appellant's violations of "the State's SECOND AMENDED Motion to Adjudicate Guilt" rather than "the State's ORIGINAL OR AMENDED Motion to Adjudicate Guilt"); *Maddox v. State*, No. 2-08-020-CR, 2009 WL 213715, at *3 (Tex. App.—Fort Worth Jan. 29, 2009, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect that it was based on the State's first amended petition to adjudicate guilt rather than the State's second amended petition to adjudicate guilt); *Maldonado v. State*, No. 05-04-00658-CR, 2004 WL 3001064, at *2 (Tex. App.—Dec. 29, 2004, no pet.) (not designated for publication) (modifying judgment to reflect

that appellant "violated the terms of probation as set out in the April 21, 2004 second amended motion to revoke probation").

## IV. CONCLUSION

Having overruled Nolan's sole issue, we modify the trial court's judgment to incorporate the changes indicated above, and we affirm the trial court's judgment as modified.

/s/ Dana Womack

Dana Womack
Justice

Delivered: January 23, 2025