

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00235-CR

———————————————————

AARON RAY MORRIS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CR24426

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

In four issues, Appellant Aaron Ray Morris argues that the trial court erred by finding that he had violated his community-supervision terms, by revoking his community supervision, and by adjudicating him guilty of the underlying offense. We dispose of the issues raised by Appellant as follows:

- We overrule Appellant's first issue—that his community-supervision officers failed to exercise due diligence because they did not contact him about his failure to meet with them as directed by his community-supervision conditions—due to his failure to assert that defense in the trial court.

- We overrule Appellant's second issue contending that a community-supervision officer's testimony that Appellant's urinalyses were positive for the presence of narcotics is legally insufficient to establish a community-supervision violation.

- We sustain Appellant's third issue and modify the judgment to remove three community-service violations that the trial court did not mention in its oral findings.

- We overrule Appellant's fourth issue—that the trial court has imposed an obligation on him to pay his appointed counsel's fees even though he is indigent—because it does not appear that the trial court has imposed such an obligation.

Accordingly, as modified, we affirm the judgment adjudicating guilt.

## II. Factual and Procedural Background

Appellant was originally indicted in Wise County for the third-degree felony offense of evading arrest or detention with a vehicle. *See* Tex. Penal Code

2

§ 38.04(b)(2)(A). The indictment also alleged that Appellant had used or exhibited a deadly weapon in the commission of the offense and included an enhancement paragraph. Appellant signed a plea agreement, and the trial court in Wise County signed an order placing Appellant on deferred-adjudication community supervision.

The State filed a motion to proceed to adjudication, which it later amended twice. The second amended motion alleged five violations of Appellant's community-supervision terms and conditions, including a failure to abstain from the use of narcotics and a failure to report to the community-supervision officer.

The trial court conducted a hearing on the second amended motion to proceed to adjudication. At the hearing, officers from Tarrant County and Wise County who had been supervising Appellant testified.

Appellant's community supervision, which had been imposed by the Wise County court, was supervised in Tarrant County because Appellant was a Tarrant County resident. During his initial processing in Tarrant County, the community-supervision officer explained to Appellant that one community-supervision condition required that he not use illegal narcotics. The Tarrant County officer then testified that a urinalysis conducted on Appellant was positive for amphetamine and methamphetamine. A later urinalysis was also positive.

The Tarrant County community-supervision officer also testified that Appellant initially reported virtually but was later required to report in person when he wanted to change his reporting location to one closer to his home. Appellant did not report

for the appointment to process the transfer and did not report at all after that date. The community-supervision officer attempted to call Appellant at several phone numbers and also sent him an email about his obligation to report. When Appellant failed to report, his case was transferred back to Wise County.

The Wise County community-supervision officer testified that she conducted an initial intake of Appellant before his case had been transferred to Tarrant County. She explained that a person under community supervision was required to report to Wise County via an app, apparently even if he lived in another county. After the transfer from Tarrant County back to Wise County due to Appellant's failure to report, Appellant never reported in Wise County in person or via the app. The Wise County community-supervision officer attempted to text Appellant and then called him, but the number she called was no longer in service. She also contacted Appellant's Tarrant County community-supervision officer before Appellant's transfer back to Wise County and asked that officer to remind Appellant that he should also report via the app. Finally, the Wise County community-supervision officer wrote Appellant.

At the conclusion of the hearing, the trial court found that Appellant had tested positive for controlled substances and had not reported as directed. The trial court adjudicated Appellant guilty and revoked his community supervision. After hearing argument regarding punishment, the trial court orally pronounced a sentence of four

years' confinement and then signed a judgment adjudicating guilt that imposed the sentence pronounced. Appellant subsequently filed a notice of appeal.

## III. Analysis

### A. We set forth the standard of review and applicable law.

We review an order to proceed to adjudication in the same manner that we review a decision to revoke community supervision. *Powe v. State*, 436 S.W.3d 91, 93 (Tex. App.—Fort Worth 2014, pet. ref'd). We review a trial court's decision to revoke community supervision for an abuse of discretion. *Id.* In an adjudication proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms and conditions of his community supervision. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd).

The trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). If the State meets its burden of proof, the trial court's finding of a single violation of a community-supervision condition is sufficient to support adjudication. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Leach*, 170 S.W.3d at 672.

**B.** **We overrule Appellant's first issue because he failed to assert in the trial court the affirmative defense found in Article 42A.109 of the Code of Criminal Procedure and thus failed to preserve error.**

In his first issue, Appellant argues that he invoked an affirmative defense based on the failure of his community-supervision officers to exercise due diligence in their efforts to contact him about his failure to report. Because Appellant's counsel made no mention of the defense below, Appellant has failed to preserve a contention that we should review whether the trial court failed to properly apply the defense; to claim that the trial court should have "realized" that Appellant was invoking an unmentioned defense requires a level of clairvoyance on the part of the trial court that is unreasonable.

Appellant attempts to rely on Article 42A.109 of the Code of Criminal Procedure, which creates an affirmative defense for a violation based on a failure to report when the community-supervision officer does not exercise due diligence in an effort to contact the defendant:

> For the purposes of a hearing under Article 42A.108, it is an affirmative defense to revocation for an alleged violation based on a failure to report to a supervision officer as directed or to remain within a specified place that no supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation contacted or attempted to contact the defendant in person at the defendant's last[-]known residence address or last[-]known employment address, as reflected in the files of the department serving the county in which the order of deferred[-]adjudication community supervision was entered.

Tex. Code Crim. Proc. art. 42A.109.

6

Case law is clear that an appellant must preserve the defense by asserting it in the trial court if we are to review on appeal whether the supervision officer exercised due diligence. *High v. State*, No. 07-18-00198-CR, 2019 WL 2532424, at *2 (Tex. App.—Amarillo June 19, 2019, no pet.) (mem. op., not designated for publication) (holding that an argument based on a due-diligence defense must be preserved for review); *see also Diaz v. State*, No. 13-21-00423-CR, 2023 WL 2608874, at *4–5 (Tex. App.—Corpus Christi–Edinburg Mar. 23, 2023, no pet.) (mem. op., not designated for publication) (same); *Burns v. State*, Nos. 07-20-00357-CR, 07-20-00358-CR, 2021 WL 4477744, at *1 (Tex. App.—Amarillo Sept. 30, 2021, no pet.) (mem. op., not designated for publication) (same).

As the Amarillo Court of Appeals has explained,

> Generally, a prerequisite to preserve a claim of error for appellate review is that the record must show [that] the complaining party made "a timely request, objection, or motion" to the trial court that specifically stated the party's complaint. *See* Tex. R. App. P. 33.1(a)(1); *Garza v. State*, 126 S.W.3d 79, 81–82 (Tex. Crim. App. 2004). The issue of the lack of due diligence is a defense that the defendant must raise before or during the revocation hearing in order to preserve it for appellate review. *Peacock v. State*, 77 S.W.3d 285, 287–88 (Tex. Crim. App. 2002)[, *superseded by statute as stated in Garcia*, 387 S.W.3d at 24–26.]

*High*, 2019 WL 2532424, at *2.

Here, Appellant never explicitly invoked the defense. Instead, his counsel made the following argument:

> Now, what we have heard here is about some failures to report between the months of I believe March and September of 2024. Your Honor, the evidence in this case shows [that Appellant] is poor. He wanted to

report. He wanted to make an effort to report to a probation office that was close to his house. He could not legally drive. He could not afford to get an occupational driver's license. There was some hardship going on. While we're certainly not excusing that [Appellant] was not maybe as proactive as the [c]ourt would have liked him to be, it sounded to me from the testimony presented like they kind of gave up on [Appellant] after those failed drug tests. They had him reporting on -- they had him reporting by the apps. They talked to him there, and then it sounded to me almost like they gave up on him.

From this argument and specifically from the statement that "they gave up on him," Appellant argues that

> [t]he trial court *should have construed the argument* as raising the due[-]diligence defense found in Tex. Code Crim. Proc. art. 42A.109 and *in doing so realized* that from the testimony of two probation officers there was no evidence provided by the State that showed [the community-supervision department] made any in-person attempt to locate [Appellant] at the place where he resided or where he worked. [Emphasis added.]

In other words, Appellant argues that the trial court should have gleaned that he was relying on a statute and a standard that he never mentioned. Counsel's oblique mention that the officer gave up on Appellant was not a specific invocation of the statutory defense or the due-diligence standard that he now relies on and does not meet the requisites of Rule 33.1(a)(1). *See* Tex. R. App. P. 33.1(a). The burden both to invoke the defense and to preserve error was on Appellant, and in this effort, he failed. *See Bryant*, 391 S.W.3d at 92 ("[A] party need not spout 'magic words' or recite a specific statute to preserve an issue[,]" as long as the basis of his complaint is evident to the trial court.").

8

We overrule Appellant's first issue because he has failed to preserve it for review.

**C.      We overrule Appellant's second issue because the evidence is sufficient to prove that he violated a community-supervision condition by testing positive for narcotics.**

In his second issue, Appellant contends that the evidence is insufficient to show that he tested positive for the use of illegal narcotics. According to Appellant, the proof fails because the only support for the claim that he tested positive on a drug test came from the oral testimony of a supervision officer and no documentation of a failed drug test was introduced. Though our disposition of Appellant's first issue is sufficient to sustain the trial court's decision to adjudicate Appellant's guilt, we will address this issue for the sake of completeness and because Appellant asks us to modify the judgment adjudicating guilt to specify which of the alleged violations of the community-supervision conditions the trial court found to be true—a task that impliedly requires us to determine whether all five findings are supported by the evidence. We reject Appellant's challenge because the supervision officer's testimony is sufficient to carry the State's burden.

As noted, the Tarrant County supervision officer testified that Appellant had tested positive on two urinalyses. Appellant cites cases holding that the evidence is sufficient if a supervision officer testifies about the drug-test results plus there is evidence that (1) a probationer admitted to drug use or (2) the drug-test results were

admitted[1] and argues that because such additional proof is lacking in this case, the evidence is insufficient. But Appellant ignores authority that a supervision officer's testimony that a probationer failed a drug test—without introduction of documentation of the result or an admission of drug use—carries the State's burden, as shown by the following from the Amarillo Court of Appeals:

> [Appellant] argues [that] the [supervision officer's] testimony is insufficient evidence to support the revocation of his community supervision because the urinalysis report was not offered into evidence and the record does not reflect that the testifying probation officer saw the report. We disagree and [hold] that when the evidence is viewed in the light most favorable to the court's ruling, it preponderates in favor of the State's position.

*Baker v. State*, No. 07-07-0227-CR, 2009 WL 1066111, at *1 (Tex. App.—Amarillo Apr. 20, 2009, no pet.) (mem. op., not designated for publication); *see also McGaughey v. State*, No. 13-18-00154-CR, 2019 WL 3721340, at *2 (Tex. App.—Corpus Christi–

---

[1]Appellant's brief includes the following citations:

*Velasco v. State*, No. 02-24-00219-CR, [2025 WL 2370850] (Tex. App.—Fort Worth Aug. 14, 2025, no pet.) [(mem. op., not designated for publication)] ([p]robation officer's testimony about probationer failing drug tests was supported by the probationer testifying they used illegal drugs was sufficient evidence of a violation); *Martinez v. State*, No. 14-04-00225-CR, [2005 WL 1529506] (Tex. App.—Houston [14th Dist.] June 30, 2005, no pet.) [(mem. op., not designated for publication)] ([p]robation officer's testimony about probationer failing drug tests was supported by positive urinalysis tests); *see also*[] *Barefield v. State*, No. 09-23-00226-CR, [2024 WL 254693] (Tex. App.—Beaumont Jan. 24, 2024, pet. ref'd) [(mem. op., not designated for publication)] ([p]robation officer's testimony about probationer's failed drug tests was supported by a voluntary statement signed by the probationer admitting use of controlled substances).

Edinburg Aug. 8, 2019, pet. ref'd) (mem. op., not designated for publication) (holding that the supervision officer's testimony—that appellant's urinalysis tested positive for cocaine and alcohol—met the State's burden to prove a probation violation by a preponderance of the evidence); *Boswell v. State*, No. 02-15-00470-CR, 2016 WL 4474849, at *3 (Tex. App.—Fort Worth Aug. 25, 2016, no pet.) (mem. op., not designated for publication) ("The community[-]supervision officer's testimony about Appellant's positive drug tests provided proof by a preponderance of the evidence of the violation."); *Cherry v. State*, 215 S.W.3d 917, 920 (Tex. App.—Fort Worth 2007, pet. ref'd) (holding that the probation officer's testimony was sufficient evidence from which to find a community-supervision violation). Thus, viewed in the light most favorable to the ruling, the Tarrant County supervision officer's testimony that Appellant had tested positive on his urinalyses is sufficient to carry the State's burden to establish a violation of Appellant's community-supervision terms that he "abstain from the use of narcotic[s]." *See Leach*, 170 S.W.3d at 672.

We overrule Appellant's second issue on appeal.

### D. We sustain Appellant's third issue and modify the judgment adjudicating guilt to reflect only the violations that the trial court stated on the record that it found to be true.

In his third issue, Appellant argues that the judgment adjudicating guilt reflects that the trial court found that he had violated more community-supervision conditions than those orally pronounced by the trial court. Appellant argues that we should modify the judgment to correct this discrepancy, and we will do so.

11

Appellant notes that the State proceeded on its second motion to adjudicate. That motion alleged five community-supervision violations and tied them to the paragraph numbering used in the community-supervision conditions:

- Paragraph 2—failures to abstain from narcotics;

- Paragraph 4—failures to report;

- Paragraph 10—failures to pay fines, costs, and fees;

- Paragraph 11—failure to pay community-supervision fees; and

- Paragraph 12—failure to perform community service.

The trial court orally pronounced at the adjudication hearing that "there is sufficient evidence to show that you have not reported as directed" and that "there's also evidence that you did test positive for these controlled substances." However, in the judgment adjudicating guilt, the trial court found that "[w]hile on community supervision, [Appellant] violated the terms and conditions of community supervision as set out in the State's **AMENDED** Motion to Adjudicate Guilt as follows: **2; 4; 10; 11; [and] 12**."

Both Appellant and the State ask that we modify the judgment to reflect violations of only those conditions that the trial court orally pronounced. We have that power. *See* Tex. R. App. P. 43.2(b); *Ette v. State*, 551 S.W.3d 783, 792 (Tex. App.—Fort Worth 2017) ("Appellate courts may modify incorrect judgments to make the record 'speak the truth' when they have the necessary data and information to do

12

so."), *aff'd*, 559 S.W.3d 511 (Tex. Crim. App. 2018); *see also Roberts v. State*, Nos. 01-20-00226–00229-CR, 2021 WL 497306, at *6–7 (Tex. App.—Houston [1st Dist.] Feb. 11, 2021, no pet.) (mem. op., not designated for publication) (modifying judgment revoking community supervision to reflect only violations that the trial court pronounced on the record that it found to be true). We sustain Appellant's third issue and modify the judgment adjudicating guilt to delete a finding that Appellant violated community-supervision paragraphs 10, 11, and 12 and to specify that the trial court found violations of only paragraphs 2 and 4.

### E. We overrule Appellant's fourth issue because he has not established that the trial court ordered him to pay his appointed counsel's fees.

In his fourth issue, Appellant contends that the trial court improperly required that he pay his appointed counsel's fees. His argument relies on the facts that the trial court had appointed counsel for him throughout this matter and never made a finding under Article 26.05(g) of the Code of Criminal Procedure that he had the ability to pay the fees of appointed counsel. Appellant argues that the determination that he was indigent abides without a later determination that he can pay.[2] But Appellant's

---

[2]Article 26.05(g) provides in part,

> If the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant in accordance with Article 1.051(c) or (d), including any expenses and costs, the judge shall order the defendant to pay during the pendency of the charges or, if convicted, as a

argument relies on a faulty premise: the record does not establish that the trial court ordered Appellant to pay the fees.

The judgment adjudicating guilt has the following provision: "<u>Ct. Appt Atty Fees</u>: **As Approved by Judge**." Appellant does not explain how this provision obligates him to pay his appointed counsel's fees. And Appellant points to no prior trial-court order obligating him to pay those fees. Indeed, the order of deferred adjudication previously signed by the trial court contains the same provision, and the order imposing conditions of community supervision contains a provision of: "$_____ Court[-]Appointed Attorney Fees (if applicable, to be determined upon Court Approval of final billing)." Appellant ignores that these provisions impose no payment obligation on him.

Instead, Appellant notes that appointed-counsel fees are included in the bills of cost issued by the clerk. But the bill of cost is not necessarily an order to pay the fees. *See, e.g.*, *Richardson v. State*, Nos. 02-24-00237-CR, 02-24-00238-CR, 2026 WL 253462, at *20–21 (Tex. App.—Fort Worth Jan. 30, 2026, no pet.) (mem. op., not designated for publication) (holding that the judgment controls over the bill of cost as to when

---

reimbursement fee the amount that the judge finds the defendant is able to pay.

Tex. Code Crim. Proc. art. 26.05(g). Further, once the trial court determines that a defendant is indigent, that determination abides unless the trial court later determines that a material change in the defendant's financial circumstances has occurred. *See id.* art. 26.04(p) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.").

costs are payable (citing *Abad v. State*, 729 S.W.3d 108, 123–24 (Tex. App.—Houston [14th Dist.] 2025, no pet.))). Nor does Appellant tell us why he cannot present this issue to the trial court rather than seek to have us clarify an issue that we cannot tell has even been addressed by the trial court. *See* Tex. Code Crim. Proc. art. 103.008(a) ("On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs."); *see also London v. State*, 490 S.W.3d 503, 508 n.5 (Tex. Crim. App. 2016) ("The legislature appears to have already provided a tailor-made vehicle for a challenge the assessment of court costs after the final disposition of a case [through Article 103.008(a)]."). [3] Because Appellant has not directed us to a trial-court order evidencing the error that he raises and because Appellant has the ability to seek clarification on the question from the trial court, we will not hold that the trial court has committed error when that claim is based on speculation.

We overrule Appellant's fourth issue.

---

[3] We also note that there is a question whether Appellant has forfeited his claim by failing to raise it on direct appeal of the order imposing conditions of community supervision. *See Roberts*, 2021 WL 497306, at \*3–5; *Summers v. State*, 555 S.W.3d 844, 850–54 (Tex. App.—Waco 2018, no pet.); and *Lewis v. State*, 423 S.W.3d 451, 454–56 (Tex. App.—Fort Worth 2013, pet. ref'd) (each applying Court of Criminal Appeals's precedent to the question of whether a challenge to an order to pay appointed-counsel fees was procedurally defaulted when not raised on direct appeal of an order imposing community-supervision conditions). We need not hash out this complexity without even knowing whether the error that Appellant claims we should review has occurred.

## IV. Conclusion

Having overruled Appellant's first, second, and fourth issues but having sustained his third issue, we modify the judgment adjudicating guilt to delete a finding that Appellant had violated paragraphs 10, 11, and 12 of his community-supervision conditions and to specify that the trial court found a violation of only paragraphs 2 and 4. As modified, we affirm the trial court's judgment adjudicating guilt.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 28, 2026